[No. 11228.   Department One. — March 15, 1888.]

DANIEL REAGAN, APPELLANT, v. JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

PLEADING — STATUTE OF LIMITATIONS — WAIVER. — The right to interpose the plea of the statute of limitations is waived unless taken advantage of by demurrer or answer.

ID. — PRESUMPTION THAT AGREEMENT WAS IN WRITING. — An agreement which is required by statute to be in writing, if in other respects properly pleaded, will be presumed, for the purpose of testing the sufficiency of the pleading, to have been in writing. The exception to the rule arises only in cases where the agreement must necessarily be in writing to confer jurisdiction on the court.

ID. — JUSTICE'S COURT — JUDGMENT BY DEFAULT — CERTIORARI. — A judgment by default rendered by a justice's court, even if erroneous, will not be reviewed on *certiorari*, when the court had jurisdiction of the subject-matter and of the person of the defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*M. Cooney*, for Respondent.

SEARLS, C. J.—This is an appeal from a judgment of the superior court of the city and county of San Francisco, dismissing a writ of review to the justice's court of said city and county.

An action was commenced in the justice's court. The following is a copy of the complaint:—

"In the Justice's Court of the City and County of San Francisco, State of California. Bridget Fitzgerald, Executrix of the Last Will of Patrick Fitzgerald, Deceased, Plaintiff, *v.* Daniel Reagan and Ann Reagan, Defendants.

"The above-named plaintiff complains of the above-named defendants, and alleges:—

"That the said Patrick Fitzgerald died in said city and county on or about the twenty-eighth day of July, 1884, leaving a will, which, after due proceedings had, was admitted to probate as his last will and testament on the thirteenth day of August, 1884, in and by the order and decree of the superior court of said city and county, duly made and given herein.

"And on or about the same day letters testamentary upon his estate issued to said plaintiff, Bridget Fitzgerald, out of said court, and she then and there qualified as executrix of said will, and she ever since has been and now is such executrix.

"That at the time of the death of said Patrick Fitzgerald, the said defendants were indebted to him in the sum of $381, gold coin of the United States, for money loaned by said deceased to the defendants in his lifetime, and legal interest on the same.

"That in about three months after the said death, the defendants promised to pay said sum of $381 to said executrix, but they have not paid the same or any part thereof, except the sum of $101, leaving a balance of $280 still due and unpaid, which sum is now payable to said plaintiff as executrix.

"Wherefore the plaintiff prays for judgment against the defendants for the sum of $280, with interest and costs.          M. COONEY, Attorney for Plaintiff."

Indorsed:  "Filed February 4, 1885.

"FRANK MURPHY, Clerk.

"By M. T. DWYER, Deputy Clerk."

Summons in due form was issued, returnable February 9, 1885, which was duly served, together with a copy of the complaint upon the defendant.  He failed to appear in the action on the 9th, but on a day later, on the 10th, filed a demurrer to the complaint, which was stricken out, and judgment entered against him by default as prayed for in the complaint.

Before the expiration of ten days, he moved, on notice and affidavit under section 859 of the Code of Civil Procedure, to set aside the default and for leave to answer. The motion was met by counter-affidavits, and was denied by the court, whereupon a writ of review was sued out from the superior court, which, upon the coming in of the return, was dismissed as hereinbefore stated.

The complaint stated a cause of action against the defendant.

The right to interpose the plea of the statute of limitations is waived, unless taken advantage of by demurrer or answer; and had the complaint shown affirmatively on its face that the demand was so barred, it could have availed defendant nothing in the absence of such demurrer or answer.  So, too, where, under the statute, an agreement is required to be in writing, such agreement, if in other respects properly pleaded, will be presumed, for the purpose of testing the sufficiency of the pleading, to have been in writing.  (*Wakefield* v. *Greenhood*, 29 Cal. 598; *Miles* v. *Thorne*, 38 Cal. 335; 99 Am. Dec. 384; *Vassault* v. *Edwards*, 43 Cal. 458; *Brennan* v. *Ford*, 46 Cal. 8.)

The exception to the rule arises in cases where the contract must necessarily be in writing to confer jurisdiction on the court.  (*Cory* v. *Cory*, 49 Cal. 469.)

In justices' courts, pleadings are not held to any great degree of strictness; but waiving this leniency to the pleading, and we are of opinion it was quite sufficient, in the absence of objection, to constitute a cause of action, under our code, in any court.

The court had jurisdiction of the subject-matter and of the person of the defendant.

We see nothing in the record to indicate that the court did not regularly pursue the authority conferred upon it by law. If, in so doing, it committed errors, it is not the province of the writ of review to correct them, as it only issues in case where the inferior tribunal, board, or officer exercising judicial functions has exceeded its jurisdiction, and there is no appeal or other plain, speedy, and adequate remedy.

In *Clark* v. *Superior Court*, 55 Cal. 199, this court held that should the superior court having jurisdiction order judgment for one of the parties without a trial, the judgment, while erroneous, would not be in excess of jurisdiction, and the only remedy would be by appeal. The decision proceeds upon the theory that such action would not be without or in excess of the jurisdiction of the court.

Applying the reasoning of that case to the question involved here, we are of opinion no proper foundation was laid for the issue of the writ, and that it was properly dismissed.

Judgment affirmed.

McKINSTRY, J., and PATERSON, J., concurred.