PABÓN, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL JUDGE OF JUANA DÍAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 2640.—Decided May 11, 1922.

CERTIORARI.—The writ of certiorari does not lie to review questions of fact nor to review the merits of the case.

ID.—DEFAULT—APPEAL.—An order of a district court dismissing an appeal from an order of a municipal court refusing to open the defendant's default on the ground that the same was not appealable, is erroneous; but if the defendant does not appeal from the order of the district court and petitions for a writ of certiorari against the municipal court the petition will be denied, inasmuch as the municipal court had jurisdiction.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Mr. R. B. Pérez Mercado* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

José Masoller & Co. brought an action in the Municipal Court of Juana Díaz against Valois Pabón to recover a sum of money and the costs and expenses of the suit. On April 14, 1920, on motion of the plaintiff a default judgment was entered against the defendant because of his failure to appear within the time allowed by law and plead to the complaint. On the 1st of June the defendant moved to set aside the judgment and open the default. The plaintiff opposed the motion and on November 29, 1920, the municipal court overruled it. From that ruling the defendant appealed on the same date to the District Court of Ponce and the appeal was dismissed on March 1, 1921. On November 7, 1921, the defendant, for the reasons hereinafter set forth, filed in the District Court of Ponce a petition for a writ of certiorari. A preliminary writ issued, addressed to the Municipal Judge of Juana Díaz and commanding him to send up the original record. After a hearing the district court, on November 25, 1921, denied the petition for a writ of certio-

rari and from that judgment the present appeal has been taken to this court.

With the exception of the allegation in the petition that the plaintiff fraudulently prevented the defendant from exercising his defense, which, although a question of fact, will be carefully considered hereafter, all of the other allegations of the petition go to the merits of the matter in controversy. These allegations are as follows: That the action was brought against the petitioner as simple surety without suing the principal; that property of the surety had been levied upon and was about to be sold at public auction without first excussing the property of the principal; that the judgment can not be executed because the current account of the principal has not been closed, and that because of fraud perpetrated by the plaintiff the defendant was unable to defend and judgment for $370 was entered against him as surety and no notice of the judgment was given to him.

The municipal court wherein the action was originally brought had absolute jurisdiction of the matters alleged, which were the subject-matter of the case and necessarily affected its merits. In these circumstances it is unnecessary to discuss whether or not the writ of certiorari lay to review the proceedings in the municipal court. The courts generally admit and cite the rule that the writ of certiorari can never be issued to review questions of fact or the merits of the case. *People* v. *Board of Delegates,* 14 Cal. 479; *Quinchard* v. *Board of Trustees,* 113 Cal. 664; *Farmer's Bank* v. *Board of Equalization,* 97 *Id.* 318.

The point now to be considered is that referring to the allegation of fraud made by the defendant and already mentioned. In the petition only a brief and summary allegation is made on this point. This manner of pleading would be sufficient to warrant a denial of the relief prayed for by the defendant in this court. However, the fraud is more clearly set out in the motion made in the municipal court to open

the default and that motion forms a part of the transcript
of the record.  But we find, and this fact is, we think, essen-
tial for the purpose of our final decision, that the defendant
appealed to the District :Court of Ponce from the order of
the municipal judge refusing to open the default and the
district court affirmed the order of the municipal court for
the sole reason that it was unappealable.  It does not ap-
pear that the defendant appealed to this court from that
decision of the district court in order to impeach and test
the sufficiency of the legal ground on which the Ponce court
based its decision that the order refusing to open the default
was unappealable.

By reason of the subject-matter or the amount in con-
troversy in the original suit the defendant had an opportu-
nity to appeal to this court.  The claim of the plaintiff ex-
ceeded $300 and, therefore, the decision of the District Court
of Ponce was not final and the defendant had a speedy way
of testing the sufficiency of that decision by taking a second
appeal to this court.  If we should hold that the order of
the district court in the appeal from the municipal court re ·
fusing to open the default was appealable, then we should
have to conclude that the defendant had within his reach
the ordinary remedy of appeal.  This is the conclusion at
which we have arrived.  The reason is that whether or not
the order of the municipal court refusing to open the de-
fault was appealable, the fact is that the decision of the
district court in the appeal from that order was appealable
as a final judgment, and for a better illustration of this case
we refer to the jurisprudence laid down by this court in
*Hernáiz, Targa & Co.* v. *Vivas,* 20 P. R. R. 99.  Hence it
may be seen that the defendant could have availed himself
of the ordinary remedy of appeal, and his lack of diligence
in not making use of it is his own fault, inasmuch as the
amount involved in the action in the municipal court allowed
him an appeal from the order of the district court affirming

the original order. In the case of *Gibson* v. *Superior Court,* 83 Cal. 643, it was held that an order opening a default is appealable. But that case originated in a superior court and there might be some doubt of its complete applicability to this case of an order originally entered by a municipal court. This doubt is removed by the case of *Reagan* v. *Justice's Court,* 75 Cal. 253. The action was commenced in a justice's court. The justice's court had jurisdiction of the subject matter and of the person of the defendant. The defendant moved that court to open the default. The motion was overruled and thereupon a petition for a writ of certiorari was filed in the superior court. The writ was issued and after a hearing it was discharged and the defendant appealed to the Supreme Court. In its opinion the court said:

"We see nothing in the record to indicate that the court did not regularly pursue the authority conferred upon it by law. If, in so doing, it committed errors, it is not the province of the writ of review to correct them, as it only issues in cases where the inferior tribunal, board, or officer exercising judicial functions has exceeded its jurisdiction, and there is no appeal or other plain, speedy, and adequate remedy."

The decision last cited reaffirms the general principle admitted by jurisprudence that the only question to be considered was whether the municipal court had jurisdiction, and in case it had not, whether there was the ordinary remedy of appeal, or another speedy and adequate remedy.

The municipal court clearly had jurisdiction in this case and the defendant had the ordinary remedy of appeal, and we think that an extraordinary remedy like certiorari should not be granted under such circumstances, particularly when failure to appeal was the fault of the petitioner.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.