[Civ. No. 9443. Second Appellate District, Division One.—March 29, 1934.]

WILLIAM LESTER MARRS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Wilbert C. Hamilton and Milton H. Silberberg for Petitioner.

Samuel C. Stoner for Respondents.

YORK, J.—Elizabeth Arletta Marrs brought action against her husband, William Lester Marrs, the petitioner here, for separate maintenance and support; the defendant husband answered and filed a cross-complaint for divorce. The cause was heard March 20, 1933, and no evidence having been offered on behalf of plaintiff and cross-defendant, an interlocutory decree of divorce was granted to defendant and cross-complainant, which provided that the husband pay to the wife the sum of $60 per month for her support and maintenance, also attorney fees and costs. On October 2, 1933, at the instance of the wife, an order to show cause *in re* contempt was issued. On October 13, 1933, the husband moved the court to modify the interlocutory judgment of divorce, which motion was continued. On October 26, 1933, both the order to show cause *in re* contempt for failure of the husband to pay alimony, and the motion of the husband to modify the interlocutory decree of divorce came on for hearing. The motion of the husband to modify the decree of divorce was by the court denied ''due to stipulation by attorney for defendant as to support at time of trial and due to the fact the Court holds that Order based on such stipulation is not void.'' The court found defendant able to pay $60 per month, as provided in the decree of divorce, also found that failure of husband to pay was deliberate and that therefore he was guilty of contempt, and imposed sentence of five days in the county jail.

Petitioner upon petition for writ of review to this court contends that the court acted in excess of its jurisdic-

tion when it granted alimony to the wife in view of the fact that the husband was granted the divorce for the fault of the wife.

Respondents, on the other hand, maintain that the interlocutory decree of divorce was based upon a contract of property settlement.

At the time of trial of the divorce action the following proceeding took place:

"The Court: Let us proceed in the case of Marrs against Marrs. Mr. Stoner: We are prepared to enter into a stipulation, your Honor. If your Honor please, in this case, we desire to enter into a stipulation. I am representing the plaintiff, Elizabeth R. Marrs, and Mr. Hamilton represents the defendant, William Lester Marrs, and let the record show that William Lester Marrs is in the courtroom at the time I make this statement or this stipulation. It is stipulated between the parties that the defendant may proceed with his cross-complaint and in the event that it appears to the court he has a cause of action for divorce and the divorce will be granted, subject to the payment of alimony in the sum of $60.00 a month to the plaintiff, Elizabeth R. Marrs, and that the defendant also pay the sum of $40.00 for attorney's fees and $15.00 costs, which was the order of the court on December 19, 1932, by Judge Dudley L. Valentine.

"Mr. Hamilton: It is so stipulated, your Honor."

The making of an allowance for the support and maintenance of a guilty wife is beyond the jurisdiction of a superior court, unless based upon a contract of property settlement. (*Johnson* v. *Superior Court of Fresno County,* 128 Cal. App. 584, 590 [17 Pac. (2d) 1055], and cases there cited.) In the cited case it appeared from the first paragraph of the interlocutory decree of divorce in favor of the husband that the parties had mutually effected a settlement of their property rights, with a fairly full description of the terms of their settlement, which contained no reference to the permanent support of the wife, and the second paragraph contained the usual recitals that the husband was entitled to a divorce on the ground of extreme cruelty and concluded with a finding that the wife was physically incapable of earning a livelihood and decreed that the husband pay to her "as and for alimony" a stated sum per month,

and the third paragraph confirmed and approved the division and settlement of the property rights. But the court there held that in spite of this showing ''it sufficiently appears from the decree that the award of permanent support to the wife was not based on the contract settling the rights of the parties'', and refused a writ of mandate to compel the trial court to order the issuance of an execution against the property of the husband for unpaid installments of the monthly allowance.

In the case now before us, it appears that the interlocutory decree of divorce provided that the husband pay to the wife the sum of $60 per month for her *support and maintenance,* and that this provision was directly based upon the stipulation of the parties providing for the payment of *alimony.* The trial court in its order finding petitioner guilty of contempt of court, said: ''Motion to modify Interlocutory Decree filed on October 14, 1933, is denied, due to stipulation by attorney for defendant *as to support* at time of trial and due to the fact the Court holds that Order based on such stipulation is not void.'' At no place in the record does it appear that the parties entered into an agreement settling their property rights.

We are convinced that the provision awarding alimony to the wife of petitioner was void. Therefore, the order adjudging the petitioner guilty of contempt, and sentencing him to imprisonment as punishment therefor, is annulled.

Conrey, P. J., and Houser, J., concurred.