[Crim. No. 1946. First Appellate District, Division One.—February 23, 1937.]

In the Matter of the Application of HANNA NIELSEN for a Writ of Habeas Corpus for and on Behalf of GUSTAF STEPHEN NIELSEN, Her Son.

Samuel D. Hamburg for Petitioner.

Raymond D. Williamson and Don Carlos Barrett for Respondents.

TYLER, P. J.—Petition for *habeas corpus* on behalf of Gustaf Stephen Nielsen. It appears therefrom that the said Nielsen is held by the sheriff of the city and county of San Francisco for failure to comply with the terms of an order concerning the payment of alimony. It further appears that the action for divorce was brought by Nielsen against his wife on the ground of cruelty. Defendant Alice McAvoy Nielsen filed her answer and a cross-complaint to said action. Thereafter Nielsen filed an answer to the cross-complaint. The action was brought on for trial and judgment went in favor of plaintiff Nielsen and against defendant Alice, his wife, on the

ground of extreme cruelty on the part of the wife. There was no issue of the marriage. By the interlocutory decree of divorce the court awarded the community property to the defendant wife and ordered Nielsen as plaintiff to pay to her the sum of forty dollars per month for a period of six months; and thereafter the further sum of thirty dollars per month for a like period, as and for alimony and support, and the further sum of twenty-five dollars as and for counsel fees. The attorney's fee was paid, but Nielsen, having failed to comply with the order with reference to alimony, was cited to show cause why he should not be punished for contempt of court in failing so to do. Upon a hearing he was adjudged guilty of contempt and ordered imprisoned in the county jail until such time as he should comply with the order.

It is petitioner's claim in support of the present application that the court having granted a divorce to plaintiff Nielsen for the fault of the wife, there is no authority in law by which the court can at the same time compel him to pay her alimony; that as such order is void there can be no contempt for its violation. We see no escape from this contention. (*Lampson* v. *Lampson*, 171 Cal. 332 [153 Pac. 238]; *In re McKenna*, 116 Cal. App. 232 [2 Pac. (2d) 429]; *McKannay* v. *McKannay*, 68 Cal. App. 701 [230 Pac. 214].)

The petitioner is discharged and his bail exonerated.

Cashin, J., and Knight, J., concurred.