[Civ. No. 20557. Second Dist., Div. Two. Oct. 11, 1954.]

MORRIS R. McLAUGHLIN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JANET V. McLAUGHLIN, Real Party in Interest.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Albert G. Bergman for Real Party in Interest.

FOX, J.—Petitioner secured an interlocutory decree of divorce on the grounds of cruelty in June, 1949. The wife was awarded custody of their minor son who was then 19 years old. The decree provided that the plaintiff-husband pay the wife $200 a month for her "support, care and maintenance" and that of the minor child until the further order of the court. A final decree was entered in June, 1950. The minor child attained his majority in October, 1950. There has been no modification of the decree. Plaintiff made the $200 monthly payments to defendant through the year 1952. In 1953, however, he paid her only $700. In April, 1954,

defendant procured the issuance of an order to show cause *re* contempt based upon her affidavit that plaintiff was delinquent $1,700 for the year 1953 and $800 for the first four months of 1954. Plaintiff challenged the jurisdiction of the court on the ground that the support provision of the decree was void.

At the hearing on the order to show cause evidence establishing the foregoing facts was received, whereupon plaintiff objected to the introduction of any further evidence on the ground that the court initially was without jurisdiction to make an award of alimony or support for defendant since the divorce was granted to plaintiff on a complaint alleging cruelty. (He also objected on the further ground that the minor son of the parties had reached his majority.) The commissioner sustained the objections and recommended that the order to show cause be dismissed. Judge Doyle approved this recommendation and ordered the citation dismissed on April 27, 1954. Within the required time the defendant excepted to the commissioner's findings and recommendation. At the hearing on defendant's exceptions on June 16 they were denied and the order of April 27 affirmed with the addition to the order of the words "without prejudice," so that the order then read "the order to show cause is dismissed without prejudice."

On June 24 defendant made a motion to reconsider the order of June 16. As a result of this hearing the following order was made: ". . . the order of June 16, 1954 is vacated and set aside. The defendant's exceptions to the findings and recommendation of the commissioner and the order thereon, made April 27, 1954 are now granted, and the order of April 27, 1954 is vacated and set aside and the order to show cause re contempt, heard April 27, 1954, is now placed off calendar."

On August 5, 1954, defendant procured the issuance of another order to show cause *re* contempt against the plaintiff. This order was based upon a lengthy affidavit of defendant and affidavits of her two previous attorneys. It is sought to be shown by these affidavits, *inter alia,* that it was agreed that plaintiff would be permitted to get an uncontested divorce and that defendant would not offer evidence in support of the charges in her cross-complaint since the effect thereof might injure plaintiff in his profession, and that an oral agreement settling the property rights of the parties was entered into and the support provisions of the interlocutory decree were a part of and in accordance with such agreement.

Plaintiff, as petitioner herein, seeks to annul the order of June 24 and to prevent a hearing on the order to show cause of August 5 *re* contempt.

█ It is fundamental that one may not be held in contempt for violating a court order unless such order is valid and enforceable. (12 Cal.Jur.2d, § 26, p. 43.) Hence we must first examine the interlocutory decree and determine the validity of the provision therein requiring the plaintiff to pay defendant $200 per month for her support and that of their minor child. █ Since the decree was granted to the husband on the ground of the wife's extreme cruelty the making of an order for her support was "beyond the jurisdiction of a superior court unless based upon a contract of property settlement." (*Johnson* v. *Superior Court,* 128 Cal.App. 584, 590 [17 P.2d 1055] ; *In re McKenna,* 116 Cal. App. 232 [2 P.2d 429] ; *In re Nielsen,* 19 Cal.App.2d 305 [65 P.2d 360] ; *Brooks* v. *Brooks,* 53 Cal.App.2d 93, 94 [127 P.2d 298]. See also 34 A.L.R.2d 321, par. 3, n. 12.)

█ The interlocutory decree, however, fails to disclose any fact indicating the provision for the defendant's support was based on a contract settling the property rights of the parties. On its face the provision for the wife's support is simply an alimony order, and since on the record the divorce was granted to the husband for her fault, the court was without jurisdiction to award her alimony, and such order was therefore void. (*Harwell* v. *Harwell,* 26 Cal.App.2d 143, 144 [78 P.2d 1167] ; *Marrs* v. *Superior Court,* 137 Cal.App. 579, 582 [30 P.2d 1030] ; *In re Nielsen, supra.*) █ Hence plaintiff could not be guilty of contempt for failure to comply therewith. (*Kreling* v. *Superior Court,* 18 Cal.2d 884, 885 [118 P.2d 470] ; *In re Laws,* 31 Cal.2d 846 [193 P.2d 744].) So, the commissioner correctly recommended that the citation for contempt be dismissed. █ The immediate approval, however, of this recommendation by Judge Doyle did not have the effect, as petitioner argues, of *then* disposing of the contempt proceeding. Such order was interlocutory in character and remained so "throughout the period for filing and hearing exceptions to the commissioner's report." (*Ellsworth* v. *Ellsworth,* 42 Cal.2d 719, 724 [269 P.2d 3].) █ When, however, upon the hearing of the exceptions to the commissioner's report the judge overruled the same and affirmed the order of April 27, the contempt proceeding was disposed of and the dismissal was "final and conclusive" (Code Civ. Proc., § 1222), so far as the trial court was concerned.

█ The words "without prejudice" which the court added to the affirmance of the dismissal order have no legal significance since contempt proceedings are quasi criminal in character. They are simply surplusage in view of the character of the proceedings and the mandate of the code. █ Since "[t]he judgment and orders of the court, judge, or justice, made in cases of contempt, are final and conclusive" (Code Civ. Proc., § 1222), and the contempt citation had been dismissed, the court had no authority to make the order of June 24 purporting to set aside its order of June 16 and then to grant the exceptions of defendant to the findings and recommendation of the commissioner, and to vacate and set aside the order made thereon dismissing the contempt proceedings. In making its purported order of June 24, the obvious purpose of the court was to change its prior decision and thus correct a judicial error. Certainly the order dismissing the contempt citation was not the result of clerical or other inadvertence which caused the order not to truly reflect the court's decision. █ In such circumstances it is held in *Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988], that "While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend for judicial error." This court has pointed out, in *Maxwell* v. *Perkins*, 116 Cal.App.2d 752, 755 [255 P.2d 10], that "This class of error may be corrected only by appropriate statutory procedure and a court may not vacate an order not of a discretionary nature merely because upon reexamination of the issues it decides it has misapplied the controlling law." █ As said in *Eisenberg* v. *Superior Court*, 193 Cal. 575, 579 [226 P. 617], quoting from *Holtum* v. *Grief*, 144 Cal. 521, 525 [78 P. 11]: "The decision of the trial court having been once made *after regular submission of the motion* its power is exhausted—it is *functus officio.*"

Apparently aware of the inadequacy of the support order in the interlocutory decree to sustain a conviction of contempt for noncompliance therewith, defendant now proposes to establish at the hearing on the order to show cause, issued August 5, that the provision in the decree for her support was based upon a contract settling the property rights of the parties. Her approach is disclosed by the affidavits she filed as a basis for the issuance of the contempt citation. Her theory is that

she can introduce evidence, *aliunde* the record, and thus establish that the support order, which is void and unenforceable on its face, is in fact valid and then as a part of that proceeding have it adjudged that plaintiff is in contempt for failure to comply with such order. ▪▪▪ Defendant is, however, in error because it is fundamental that a contempt proceeding must be based on a judgment or order that, on its face, is valid and enforceable. Here there is no such order; consequently there was no basis for the issuance of the order to show cause *re* contempt, and further proceedings thereon should not be had.

Defendant argues that a writ of prohibition should not issue because the attention of the trial court has not been called to its lack of jurisdiction. She does not, however, correctly appraise the proceedings that have been taken. The order to show cause *re* contempt of August 5 is the second such order that has been issued in this case based on the purported order of support for defendant in the interlocutory decree. Plaintiff challenged the jurisdiction of the court at the hearing on the first citation on April 27. The court sustained his position though it made an abortive attempt later to set aside the dismissal of the contempt citation. At each of these hearings plaintiff attacked the jurisdiction of the court in the premises. The result of these several proceedings below is that there is now in effect a valid order of the trial court dismissing contempt proceedings based on this same support provision. In the face of these repeated challenges in the court below to its jurisdiction and the ruling and order thereon sustaining such challenge, it cannot truly be said that the question of the court's jurisdiction has not adequately been drawn to its attention. Yet in the face of this state of the record, and without any change or modification of the support provisions of the divorce decree, a new citation is issued. To say that the question of jurisdiction must again be presented to the trial court is to ignore the repeated occasions on which that question has there been considered.

Defendant is not entitled to a contempt citation until by appropriate proceedings she has an order for her support which is valid and enforceable on its face and plaintiff has failed to comply therewith.

It is unnecessary for us to pass upon other questions that counsel have raised.

The order of June 24, 1954, is annulled and a peremptory writ of prohibition is granted directing respondent court to

desist and refrain from further proceedings on the order to show cause *re* contempt issued on August 5, 1954, except to dismiss the same.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 4, 1954, and the petition of Real Party in Interest for a hearing by the Supreme Court was denied December 9, 1954. Traynor, J., was of the opinion that the petition should be granted.