[Civ. No. 21561.   Second Dist., Div. One.   May 14, 1956.]

MORRIS R. McLAUGHLIN, Respondent, v. JANET V. McLAUGHLIN, Appellant.

W. H. Wadsworth, E. L. Fraser and Charles E. McClung for Appellant.

Morris R. McLaughlin, in pro. per., and Caryl Warner for Respondent.

WHITE, P. J.—In June, 1949, plaintiff secured an interlocutory decree of divorce on the grounds of cruelty. Defendant wife was awarded custody of the minor son of the parties who was then 19 years of age. The decree provided that the husband pay defendant wife $200 a month for her "support, care and maintenance," and that of the minor child until the further order of the court. A final decree was entered in June, 1950, and in October of that year the minor son attained his majority. Plaintiff husband continued to make the payments required by the aforesaid order until approximately June of 1953, at which time all payments pursuant to the order ceased. Thereafter, in April 1954, in an attempt to enforce the order, defendant wife procured the issuance of an order to show cause *re* contempt based upon her affidavit that plaintiff was delinquent in payments under the order amounting to some $2,500. This order was vacated by the trial court and on August 5, 1954, defendant wife procured the issuance of another order to show cause *re* contempt against plaintiff husband. Her efforts in this regard however, proved unavailing when Division 2 of this court issued a peremptory writ of prohibition directing the superior court to desist and refrain from further proceedings on the aforesaid order to show cause *in re* contempt, except to dismiss it (*McLaughlin* v. *Superior Court,* 128 Cal.App.2d 62 [274 P.2d 745]). The holding of the court in the case just cited was grounded on the fact that "The interlocutory decree, however, fails to disclose any fact indicating the provision for the defendant's support was based on a contract settling the property rights of the parties. On its face the provision for

the wife's support is simply an alimony order, and since on the record the divorce was granted to the husband for her fault, the court was without jurisdiction to award her alimony, and such order was therefore void (citing cases)."

After the foregoing decision in the prohibition proceeding became final defendant wife made a motion in the trial court for an order *nunc pro tunc* amending the interlocutory decree of divorce by inserting therein the following: "it appearing that the parties hereto have entered into a property settlement agreement relating to disposition of the community property and support and maintenance of defendant wife and the minor child, and that the parties desire the terms of said property settlement agreement to be incorporated into this Decree," and that following the word "alimony" in the final decree there be added the phrase "or support." This motion was denied. Defendant wife then moved the court below for a writ of execution on the ground that, "the decree of divorce in the above entitled action heretofore entered and filed orders and requires monthly payments by plaintiff and cross-defendant to defendant and cross-complainant in the amount of $200, until further order of the Court." This motion was also denied. From the orders denying the foregoing two motions defendant prosecutes this appeal.

We are satisfied that the decision in *McLaughlin* v. *Superior Court, supra,* at page 65, wherein the court stated, "On its face the provision for the wife's support is simply an alimony order . . . the court was without jurisdiction to award her alimony, and such order was therefore void" is res adjudicata insofar as the validity of such order is concerned (*White* v. *Fresno Nat. Bank,* 98 Cal. 166, 167 [32 P. 979]; *Geibel* v. *State Bar,* 14 Cal.2d 144, 148 [93 P.2d 97]). The question then arises whether defendant by her first motion can breathe life into the void order through the amendment thereof *nunc pro tunc.* We are persuaded she cannot.

Amendments to judgments can only be made for the purpose of making the record conform to the truth, and not for the purpose of revising and changing the judgment (*Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622, 627 [92 P.2d 684]). In other words, final decrees may be amended only for clerical errors, not judicial in character. It is manifest that on the motion to amend the decrees *nunc pro tunc* appellant tendered the issue as to whether or not any property settlement agreement or contract was entered into between the parties. The notice of motion stated, "Said

motion will be made on the ground that it was the intention of the court in signing the Interlocutory Decree of Divorce to award the defendant wife support, pursuant to a property settlement agreement previously agreed upon between the parties, and not to award the defendant wife, against whom the divorce was granted alimony." This issue was further tendered by affidavits filed in support thereof. The issue was joined by counteraffidavits filed by respondent. ▮ Civil Code, section 159, controls property settlement agreements after separation and such agreements must be in writing and signed by both parties (*Fitch* v. *Tyler,* 105 Cal.App. 306, 311 [288 P. 74]). In the instant case, no property settlement was offered or received at the trial nor was any such document proffered at the hearing of the motion now engaging our attention. The only reference to any agreement between the parties appears in an affidavit filed by respondent, *re* reporter's transcript, and in which affidavit we find that at the trial the following questions were propounded to respondent, to which he gave the indicated replies:

"Q. You, through me, and your wife have agreed on the provisions of the interlocutory decree relating to the community property and support of your wife and minor child, have you? A. Yes.

"Q. And that is satisfactory to you? A. Yes, as long as the boy is a minor, it is satisfactory."

In denying appellant's motion to correct the decrees *nunc pro tunc,* the trial court may well have concluded that no property settlement was before it at the trial of the divorce action and that no judicial decision was then actually made or intended to be made with respect to the problem here under consideration. The amendment proposed by appellant would indisputably change the decrees in an important respect, and as pointed out in the Felton case, *supra,* p. 627, the court is not empowered to amend by new modifications and enlargements the judgment or decree which the court originally rendered (*Barkelew* v. *Barkelew,* 73 Cal.App.2d 76, 79, 80 [166 P.2d 57]). Furthermore, the trial court upon conflicting evidence presented by affidavits, decided the matter in respondent's favor. By its decision in the case at bar the court determined that it did not intend upon the trial of the action to approve any property settlement agreement, but that the court was to give appellant alimony and child support until the child reached his majority. ▮ Since the court was

without jurisdiction to grant alimony to the appellant (*McLaughlin* v. *Superior Court, supra,* p. 65) and the interlocutory decree fails to disclose any fact indicating the provision for appellant's support was based on a contract settling the property rights of the parties, and since the decree was granted to the respondent on the ground of appellant wife's extreme cruelty, the court was without jurisdiction to award the latter any alimony, and the question of apportionment in the decree, after the minor child became of age cannot arise. As pointed out in the case of *McLaughlin* v. *Superior Court, supra,* the court was without authority to grant any alimony to appellant wife, either before or after the minor son attained his majority. We have examined the cases relied upon by appellant and find them factually distinguishable from the one at bar and in none of them do we find any holding which militates against what we have herein held under the facts and circumstances present in the instant proceeding.

Appellant's contention that respondent is estopped to deny the jurisdiction of the court which made the support order cannot be sustained. We are not here confronted with a situation wherein the parties entered into a valid contract for settlement of property rights, and one of them subsequently sought to set aside and vacate that portion of the decree affecting property rights, based upon the claim that the court was without jurisdiction. The evidentiary features of this case present no such picture. In the case of *Marrs* v. *Superior Court,* 137 Cal.App. 579 [30 P.2d 1030], an award of alimony was made pursuant to a stipulation at the trial which resulted in a decree for the husband. Because at no place in the record did it appear that the parties entered into an agreement settling their property rights, the award of alimony to the wife was void and a subsequent order adjudging the husband guilty of contempt was annulled. In the case at bar it was appellant wife who sought to enforce an order which she claimed awarded her alimony and respondent contended that the award did not purport to give appellant alimony, but that if it did, it was in that respect void. We find no element of estoppel present in this case.

Coming now to a consideration of appellant's contention that the court erred in denying her motion for issuance of a writ of execution, we have concluded that the ruling was correct. The trial court was without jurisdiction to grant alimony to the appellant by reason of the fact that the

divorce was not granted to her but was granted to her husband for her fault since it was not based upon a contract of property settlement. Appellant therefore was not entitled to a writ of execution (*Johnson* v. *Superior Court,* 128 Cal. App. 584, 589, 590 [17 P.2d 1055] ; *In re McKenna,* 116 Cal. App. 232, 233, 234 [2 P.2d 429] ; *Marrs* v. *Superior Court, supra,* pp. 581, 582).

For the foregoing reasons, the orders appealed from are, and each is affirmed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied June 4, 1956, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1956.