[Civ. No. 22551. Second Dist., Div. Two. Apr. 9, 1958.]

JANET V. McLAUGHLIN, Appellant, v. MORRIS R. McLAUGHLIN, Respondent.

288

W. H. Wadsworth, E. L. Fraser and Charles E. McClung for Appellant.

Morris R. McLaughlin, in pro. per., Warner & Sutton, Barbara Warner and Caryl Warner for Respondent.

FOX, P. J.—Plaintiff has appealed from a judgment on the pleadings in favor of defendant.

Plaintiff and defendant were married in 1921. They separated in 1935 and have lived separate and apart since that time. In 1948 the husband filed suit for divorce on the ground of extreme cruelty. The wife answered and filed a cross-complaint seeking divorce. In 1949 an interlocutory decree was entered granting the husband a divorce. The decree also provided for division of the community property and awarded the wife custody of the minor child, who was then 19 years old. The decree ordered the husband to pay the wife $200 per month for the "support, care and maintenance" of herself and the minor child until further order of the court. A final decree was entered in June, 1950. The minor child attained his majority in October, 1950. The decree has never been modified or set aside. In 1953 the husband ceased making any payments to the wife. In April, 1954, she procured an order to show cause re contempt by reason of his failure to make payments. This court issued a writ of prohibition. In that proceeding we held that the interlocutory decree failed to disclose any fact indicating that the provision for the wife's support was based on a contract settling the property rights of the parties, that on its face the provision for the wife's support was simply an alimony order, and that since on the

record the divorce was granted to the husband for the wife's fault, the trial court was without jurisdiction to award her alimony and that such order was void. (*McLaughlin* v. *Superior Court*, 128 Cal.App.2d 62 [274 P.2d 745].)

Thereafter, the wife made a motion in the trial court for an order *nunc pro tunc* amending the interlocutory decree to show that the support order was based upon a property settlement agreement relating to the disposition of the community property and the support and maintenance of the wife and minor child. The motion sought to have the terms of the property settlement agreement incorporated in the decree. This motion was denied. She then made a motion for a writ of execution on the ground that the decree ordered payments by the husband to her of $200 per month until further order of the court. This motion was also denied. Both of these rulings were affirmed on appeal. (*McLaughlin* v. *McLaughlin,* 141 Cal.App.2d 494 [296 P.2d 878].)

In 1955 the wife instituted the present action against her former husband. The complaint contains four counts. Her first count is based on the theory that the interlocutory decree "constituted a written contractual agreement" for the division of the community property and the support of herself and the minor child and that defendant herein has breached such agreement. In her second count plaintiff alleges a property settlement agreement in substantially the same terms as alleged in her first count, but she makes no reference to the divorce decree. It is then alleged that defendant has breached the agreement. In the third count plaintiff alleges that defendant made promises to her that he would pay for her support in her later years if he should be granted a divorce; that defendant knew these promises were untrue and had no intention of keeping them; that defendant made such promises with the intention of deceiving plaintiff; that plaintiff believed defendant's promises and that, in reliance thereon, plaintiff relinquished her interest in most of the community property and refrained from introducing evidence in support of the allegations in her cross-complaint, thereby preventing her from obtaining a divorce and hence alimony. The fourth count need not be considered since plaintiff now concedes that it fails to state a cause of action.

In her first count plaintiff does not purport to base her cause of action on the interlocutory decree *per se*. Rather, her position is that the decree is itself a written property settlement agreement. This count does not state facts sufficient to

constitute a cause of action. ■ "Civil Code, section 159, controls property settlement agreements after separation and such agreements must be in writing and signed by both parties. . . ." (*McLaughlin* v. *McLaughlin, supra,* p. 497; see also *Fitch* v. *Tyler,* 105 Cal.App. 306, 311 [288 P. 74].) On its face the document upon which plaintiff relies (viz., the interlocutory decree, a copy of which is attached to the complaint) does not meet the requirements of section 159 since it is not signed by either of the parties. It therefore follows that plaintiff may not assert any rights based on an agreement embodied in that document.

■ Plaintiff relies upon *Gould* v. *Superior Court,* 47 Cal. App. 197, 200 [191 P. 56], for the proposition that an interlocutory decree constitutes a contract between the parties. That proposition is not here applicable because the contract which plaintiff asserts must comply with the provisions of Civil Code, section 159, which requires the signatures of both parties. An interlocutory decree is not such a contract.

Plaintiff's second cause of action is based upon an alleged property settlement agreement separate and apart from the divorce decree. We need only consider that portion of the alleged agreement which pertains to plaintiff's future support because the other terms of the agreement are identical with the provisions of the divorce decree which was an adjudication of those matters. It is clear that this alleged property settlement agreement was neither adopted nor approved in the divorce decree. (*McLaughlin* v. *McLaughlin, supra,* p. 497.) ■ "A valid contract settling property rights between married persons does not require the approval of a divorce court to render it effective. It is binding on the parties and enforceable by either of them against the other even though the court fails or refuses to adopt or approve the agreement by its decree in a divorce proceeding." (*Green* v. *Green,* 66 Cal.App.2d 50, 56 [151 P.2d 679].) Such agreement may be "sued upon in an independent action to enforce its terms." (*Sanborn* v. *Sanborn,* 3 Cal.App.2d 437, 442 [39 P.2d 830] ; *Anthony* v. *Anthony,* 94 Cal.App.2d 507, 512 [211 P.2d 331].) Under these principles plaintiff is entitled to maintain an action against defendant for the breach of a valid property settlement agreement.

■ It is clear that the issues with respect to the support provisions of the property settlement agreement alleged in the second cause of action have not been litigated. No prop-

erty settlement agreement was before the court at the divorce trial nor at the hearing on plaintiff's motion for a *nunc pro tunc* order amending the divorce decree. (*McLaughlin* v. *McLaughlin, supra*, p. 497.) All that was decided at the latter hearing was that the court did not intend at the trial of the divorce suit to approve any property settlement agreement. (*McLaughlin* v. *McLaughlin, supra*, p. 497.) Moreover, there was no valid award for plaintiff's support. (*McLaughlin* v. *Superior Court.*) Therefore, the prior proceedings are not a bar to her enforcement of any rights to future support that she may have under the contract alleged in the second count of her complaint.

Defendant asserts that the contract alleged in count two is oral. This may be true; the complaint does not allege whether the agreement is in writing (or signed by the parties) as required by section 159 of the Civil Code. ■ Defendant's motion for judgment on the pleadings is the equivalent of a general demurrer, and the only question is whether the count in question states facts sufficient to constitute a cause of action. We have concluded that this issue is analogous to that involved in cases dealing with contracts which come within the statute of frauds. ■ In those cases it is held that the complaint states a cause of action even though it does not allege the contract is in writing. ''The law will presume the contract to be valid and not invalid and thus, where required by the statute of frauds will presume it to be evidenced by writing.'' (*Alaska Salmon Co.* v. *Standard Box Co.*, 158 Cal. 567, 569 [112 P. 454]; see also *Bradford Inv. Co.* v. *Joost*, 117 Cal. 204 [48 P. 1083]; *Nunez* v. *Morgan*, 77 Cal. 427 [19 P. 753]; *Reagan* v. *Justice's Court*, 75 Cal. 253 [17 P. 195].) ■ Therefore, plaintiff's second count states a cause of action; but in order to recover thereon she will be required to prove that the property settlement agreement is in writing and signed by both parties.

■ Plaintiff's third cause of action is based upon defendant's alleged fraud in the procurement of the judgment in the divorce action. She alleges that he made promises which he had no intention of keeping, thereby inducing her to refrain from introducing evidence on her cross-complaint in the divorce action which would have entitled her to a decree of divorce and hence alimony. She also alleges that his promises induced her to transfer her rights in most of the community property to defendant. Since the divorce action adjudicated the rights of the parties respecting division of the

community property it is clear that plaintiff may not maintain this action while the final decree in the divorce action is still in effect. Plaintiff's present action "constitutes a collateral attack on the [decree], which the law does not permit. [Citation.] For this reason, an action at law for damages against an adversary party for allegedly procuring a judgment by fraud or perjury cannot be maintained while such judgment remains in force.'' (*Gerini* v. *Pacific Employers Ins. Co.*, 27 Cal.App.2d 52, 55 [80 P.2d 499].) The divorce was granted to the husband for the wife's fault, and the court was without jurisdiction to award her alimony. (*McLaughlin* v. *Superior Court, supra*, p. 65.) We have already noted that the divorce decree, which also provided for division of the community property, has never been vacated or modified. It is therefore clear that plaintiff's third count does not state facts sufficient to constitute a cause of action.

 Plaintiff apparently accepts the rule announced in the Gerini case, but she contends that it is not applicable in the case at bar. She asserts that "the judgment in the previous litigation relating to [her support] . . . has been held to be void and, accordingly, is not in force and effect. . . .'' Plaintiff is mistaken. Only that portion of the divorce decree which purports to award her alimony has been declared to be null and void. (*McLaughlin* v. *Superior Court, supra.*) The remainder of the decree is still in force. (See *Harwell* v. *Harwell*, 26 Cal.App.2d 143, 144-145 [78 P.2d 1167].) Since the portion of the decree granting defendant herein a divorce and dividing the community property is still in force, and since plaintiff herself was not granted a divorce by that decree, plaintiff's third cause of action must fall as a collateral attack upon a judgment which is on its face valid.

The judgment is reversed as to count two of the complaint; as to counts one and three, the judgment is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 4, 1958. Traynor, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.