[Civ. No. 20357. First Dist., Div. Two. Jan. 22, 1963.]

DONATA VISINI, Plaintiff and Appellant, v. ANTONIO VISINI, Defendant and Respondent.

*Formerly Rules on Appeal, rule 13.

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Plaintiff and Appellant.

Paolini, Paolini & Dobbins and Mario G. Paolini for Defendant and Respondent.

SHOEMAKER, J.—Plaintiff Donata Visini brought this action to obtain a divorce upon the ground of extreme cruelty. Defendant Antonio Visini cross-complained for a divorce upon the same ground. After trial the court rendered its interlocutory judgment granting defendant the divorce; awarding custody of the parties' two minor children to plaintiff, with defendant being ordered to pay $75 per month for the support of each child; and assigning to defendant practically all of the community property. This appeal is by plaintiff from said interlocutory decree.

Appellant first contends that the trial court committed prejudicial error (1) by admitting evidence of acts which occurred subsequent to the filing of the complaint and answer, and (2) by permitting counsel for respondent to ask "hearsay questions" and "impeaching questions" of his own witness.

We do not consider it necessary to discuss in detail these assignments of error. ██ In *Keating* v. *Basich Bros. Constr. Co.* (1944) 66 Cal.App.2d 258, 263 [151 P.2d 892], the court stated: "The general rule prevailing in California on this subject is this: Where there is competent independent evidence in the record which supports the judgment without recourse to the testimony erroneously admitted, generally the

error is not prejudicial as it will be presumed on appeal that the trial judge considered and relied upon the competent evidence in making his findings and rendering the judgment. (*Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389]; *Roy* v. *Salisbury,* 21 Cal.2d 176 [130 P.2d 706]; *Frazure* v. *Fitzpatrick,* 21 Cal.2d 851 [136 P.2d 566]; *Ford* v. *Lou Kum Shu, supra,* [26 Cal.App. 203 (146 P. 199)]; *Watt* v. *Copeland,* 92 Cal. App. 161 [267 P. 928]; *Cordi* v. *Garcia,* 56 Cal.App.2d 584 [132 P.2d 887].)'' (See also *Pollard* v. *Pollard* (1959) 166 Cal.App.2d 698, 705 [333 P.2d 356], and *Southern Cal. Jockey Club, Inc.* v. *California Horse Racing Board* (1950) 36 Cal. 2d 167, 176 [223 P.2d 1].)

In the instant case, we have examined the record and found there was ample competent evidence in support of the finding that appellant treated respondent with extreme cruelty during the marriage.

There is similarly no merit to appellant's contention that the remarks of the trial judge indicated a reliance upon evidence which had been ordered stricken. ■ It is the established rule that an oral opinion or other antecedent expression of a trial judge may not be used to modify or impeach his findings. (*Strudthoff* v. *Yates* (1946) 28 Cal.2d 602, 615-616 [170 P.2d 873]; *City of Daly City* v. *Smith* (1952) 110 Cal. App.2d 524, 529-530 [243 P.2d 46]; *McCracken* v. *Teets* (1953) 41 Cal.2d 648, 651-652 [262 P.2d 561].)

Appellant also contends that the court erred in excluding testimony intended to establish that the witness Fontanoni ''was interested in another lady.'' This evidence was immaterial, and the ruling was correct.

Appellant next asserts that the evidence of respondent's extreme cruelty was uncontradicted and that the court was compelled, at the very least, to award both parties a divorce. This contention is untenable.

■ Where a divorce is sought upon the ground of extreme cruelty, the infliction of grievous mental suffering is a question of fact to be determined from the circumstances of the case, and the decision reached by the trial court will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion. (*MacDonald* v. *MacDonald* (1909) 155 Cal. 665, 670 [102 P. 927, 25 L.R.A. N.S. 45]; *Wasserstrom* v. *Wasserstrom* (1956) 139 Cal.App.2d 798, 800 [294 P.2d 497].) In this case, the evidence was sharply conflicting, and it clearly cannot be said that the trial court erred in finding that appel-

lant's conduct amounted to extreme cruelty, but respondent's did not.

Appellant next raises numerous objections to the property award: (1) that the trial court abused its discretion in awarding the majority of the property to respondent; (2) that the court erroneously awarded appellant's separate property (the 1955 Chevrolet automobile) to respondent; (3) that the court had no power to make its award effective at the time of the interlocutory decree; (4) that the court failed to determine the debts of the parties; and (5) that the court failed to make findings on the value of the community property.

Respondent concedes that the 1955 automobile was and is the separate property of appellant, that such award was the result of inadvertence, and agrees that it should be modified.

The court found that the community property of the parties consisted of a parcel of real property located on Albion Street in San Francisco; household furniture and furnishings located at that address; a 1953 Chevrolet automobile; a 1955 Chevrolet automobile upon which an unspecified balance was due and unpaid (referred to above) ; three savings accounts containing funds in the total amount of $7,575.15; and certain contributions in an unstated amount which had been withheld from respondent's wages and contributed toward his civil service retirement pension.

The court awarded appellant the household furniture and furnishings, exclusive of personal items belonging to respondent. It further granted her the right to occupy the residential unit in the Albion Street property which had been the family home until such time as she remarried, or the youngest of her two minor children attained majority, or her right to the physical custody of the minor children terminated. The remainder of the community property was awarded to respondent.

Appellant argues that the awarding of virtually all of the community property to respondent was an abuse of discretion and completely disregarded the circumstances of the parties, and further asserts that she was entitled to an alimony award.

Appellant's contentions are of little merit. ▆▆ Since the divorce was granted to respondent on the ground of appellant's extreme cruelty, the court was without jurisdiction to award appellant alimony. (*McLaughlin* v. *Superior Court* (1954) 128 Cal.App.2d 62, 65 [274 P.2d 745] ; *McLaughlin* v. *McLaughlin* (1958) 159 Cal.App.2d 287, 293 [323 P.2d 820].)

The court was also under a duty to award respondent, as the innocent party, more than one-half of the community property. (*Gonzales* v. *Gonzales* (1957) 152 Cal.App.2d 103, 107 [312 P.2d 333].) It was within the sound discretion of the court to determine how much more than half it would award respondent. (*Dowd* v. *Dowd* (1952) 111 Cal.App.2d 760, 764-765 [245 P.2d 339].)

The principal assets awarded to respondent consist of the bank accounts totaling $7,575.15; the Albion Street house, which is valued at $18,000; and respondent's pension, which will entitle him to $170 per month commencing at the age of 70, which milestone will be reached in January 1963.

At the time of trial, respondent was 67 years of age, and obviously had few working years remaining to him. Appellant was only 40 years old. Appellant was awarded the right to occupy the Albion Street home during the minority of the children. As a result, it was apparent that respondent would be unable to sell the property for a possible period of 17 years. At best, he can rent the remaining dwelling unit for approximately $70 per month. In addition, he must pay $75 per month toward the support of each of his two children, pay the taxes on and maintain the home for the children, and pay the attorneys' fees of the parties. In view of these circumstances, the property award clearly did not constitute an abuse of discretion on the part of the trial court.

We agree with appellant's contention that the court erroneously made the property award effective as of the date of the interlocutory decree. It expressly states "That all of the community property *be and it is hereby awarded* to the Defendant and Cross-Complainant and set aside to him as his sole and separate property except as follows . . ." (emphasis added). A present division of the community property in the interlocutory decree was erroneous, but is correctable by modification of the decree to provide for such disposition upon the entry of the final decree. (*Dowd* v. *Dowd, supra,* at p. 765.)

Appellant's contention that the court failed to determine the debts of the parties is without merit. The record is devoid of any evidence of community debts. Appellant herself concedes that the only evidence of debts were those which she personally incurred in connection with the purchase of the 1955 automobile, her separate property.

Appellant next asserts that the court failed to make any finding as to the value of the household furniture and fur-

nishings, the 1953 automobile, and the pension contributions withheld from respondent's wages. Appellant relies upon *Mears* v. *Mears* (1960) 180 Cal.App.2d 484 [4 Cal.Rptr. 618], as authority for the proposition that such findings are required. In the *Mears* case, however, the court awarded both parties a divorce upon the ground of extreme cruelty, and was accordingly compelled to order an equal division of the community property (p. 497). Under such circumstances, it was apparent that the court could not attempt such a distribution without first ascertaining the value of the various items to be divided among the parties.

In the present case, the trial court was under no duty, nor was it attempting, to distribute the community property equally between appellant and respondent. Each of the assets described in the decree was adequately identified, and there is no reason for a finding as to value. Appellant has failed to indicate in what way she would be benefited by specific findings as to the value of each asset covered by the property award.

Appellant also contends, however, that the court neglected to award certain of the parties' assets to either party. Appellant correctly points out that there was testimony to the effect that respondent had three life insurance policies in the amounts of $5,000, $1,000, and $2,000. There is no finding as to whether these policies were community or separate property, and similarly no reference to them in the property award. Appellant also points out that the court made no finding in regard to the status of respondent's pension, as distinguished from his contributions thereto. The findings and the property award refer only to the amount of all wages contributed toward the pension "but not the Pension itself."

A trial court is required to find on all issues, unless findings are waived. (*San Jose etc. Title Ins. Co.* v. *Elliott* (1952) 108 Cal.App.2d 793, 802 [240 P.2d 41].) We find no such waiver here. It is therefore necessary that the cause be remanded for the purpose of determining whether the insurance policies and pension are community property, and, if so, to whom they should be awarded.

Appellant also alleges that the court, in awarding the three bank accounts to respondent, failed to take into consideration the fact that respondent had withdrawn $600 from one of the accounts in violation of an injunction pendente lite. This contention is erroneous. The injunction was issued on October

26, 1959, and specifically provided that none of the community property could be transferred "except that payment of real property taxes may be made from the Savings Account of the parties hereto." Although respondent did admit withdrawing $600 from one of the accounts, he stated that he had done so before the injunction was issued, and that he had used the money to pay taxes.

Appellant's final contention is that this court ought to award her costs and attorney's fees on appeal. Appellant avers by way of affidavit that she is without sufficient funds to pay costs and attorney's fees and that respondent is an able-bodied man with sufficient assets and earning capacity to pay for these expenses. She also states that she applied to the trial court for an order requiring respondent to finance her appeal, but her motion was denied, and, upon reapplication, again denied. She was without funds to appeal from the order of denial and accordingly can obtain relief only from this court.

Rule 26 of the California Rules of Court* provides that "the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal." It further provides that "in the case of a reversal, in whole or in part, or of a modification of the judgment, the appellant shall be deemed the prevailing party." Since appellant clearly comes within this definition of a prevailing party, she is entitled to recover her costs. Rule 26(c)† enumerates those items which are recoverable as costs. Although notary fees and filing fees are specifically mentioned, attorney fees are not. In *Downer Corp.* v. *Union Paving Co.* (1959) 172 Cal.App.2d 126, 129 [342 P.2d 64], the court stated, "It is too well established to require citation of authority that 'costs' do not include attorneys' fees." Similarly, in *Southern Cal. Tel. Co.* v. *Damenstein* (1947) 81 Cal.App.2d 216, 229 [183 P.2d 675], the court indicated that an appellate court has no power to award attorneys' fees. (See also 3 Witkin, California Procedure, Appeal, § 201, pp. 2403-2404.)

Had appellant chosen to appeal from the trial court's order denying her attorney's fees on appeal, this court could have determined whether the order of denial constituted an abuse of discretion. (*Kyne* v. *Kyne* (1946) 74 Cal.App.2d 563 [169 P.2d 272].) She did not do so, however, and she

---

*Formerly Rules on Appeal, rule 26.
†Formerly Rules on Appeal, rule 26(c).

is now limited to an award of "costs," exclusive of attorney's fees.

For the reasons above stated, the interlocutory decree is modified to provide (1) that the 1955 Chevrolet automobile is appellant's separate property; (2) that there be stricken from said decree all words presently disposing of the community property and words inserted to the effect that the final decree shall assign to the parties the portions of community property mentioned in the interlocutory decree; (3) that the interlocutory decree, as modified, be affirmed, save and except that the cause be remanded with directions to the trial court to determine whether the three insurance policies and the pension, as distinguished from respondent's contributions thereto, are community or separate property and, if community, to whom they should be awarded, and the interlocutory decree amended in that respect; (4) that appellant be awarded her costs on appeal.

Kaufman, P. J., and Agee, J., concurred.