[14758.  In Bank.—April 21, 1893.]

W. C. WHITE ET AL., RESPONDENTS, v. FRESNO NA-
TIONAL BANK, APPELLANT.

CORPORATION—VENUE—PRINCIPAL PLACE OF BUSINESS—JURISDICTION OF SUPERIOR COURT—DECISION UPON APPLICATION FOR PROHIBITION—RES JUDICATA—APPEAL.—In an action against a banking corporation brought out of the county where it has its principal place of business, where no motion was made to change the venue of the action to the county in which the principal place of the business of the corporation was situate, a decision upon an application of the defendant for a writ of prohibition to restrain further proceedings, upon the ground that the court had jurisdiction to proceed in the action, is *res adjudicata* as to that subject, and it will be considered as settled upon appeal from the judgment.

BUILDING CONTRACT—ACTION BY CONTRACTOR—DEFENSE—FAILURE TO COMPLETE BUILDING IN TIME—FINDING.—Where a contractor sued the owner of a building for a balance due for its construction, and the defense of the owner was based upon the failure of the contractor to complete the building within the time agreed, a finding that such failure was not due to any fault or neglect of the contractors, but was attributable entirely to the negligence of the defendant, if supported by the contractor's evidence, will not be disturbed upon appeal.

ID.—RECORD OF CONTRACT—PLANS AND SPECIFICATIONS NOT ATTACHED—OBJECTION UPON APPEAL FOR FIRST TIME.—Where there was evidence tending to show that the contract sued upon was filed in the recorder's office prior to the commencement of the work, and no evidence to the contrary, and there was no special demurrer to the complaint, or objection to the contract when offered in evidence, it is too late to object on appeal for the first time that the plans and specifications referred to in the contract were not attached and made part thereof, and that the contract in its entirety was not filed for record as required by the statute.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George A. Nourse,* and *Nourse & Short,* for Appellant.

*Baldwin & Campbell,* for Respondents.

GAROUTTE, J.— This action was brought to recover a balance alleged to be due from defendant to plaintiffs for the construction of its bank building in the city of Fresno. Plaintiffs are assignees of the contractor, and his contract was confined to the woodwork of the building. The contractor completed his work to the satisfaction of the architect, but the bank claims that it was not done within the time fixed by the terms of the contract, and by reason thereof it suffered damage in loss of rents, etc., and asks a set-off to that extent. Judgment went for the plaintiffs, a motion for a new trial was denied, and the appeal is prosecuted from the judgment and order.

The principal point upon which appellant relies for a reversal of the judgment is that by virtue of section 16, article XII. of the constitution, defendant being a corporation could not be sued in San Joaquin County, and therefore no jurisdiction was ever obtained over it. When this action was originally brought, the bank objected to the jurisdiction of the superior court of San Joaquin County to proceed in the matter, and applied to this court for a writ of prohibition based upon such alleged want of jurisdiction, asking for an order directing that court to refrain from further proceedings in the case. The application for the writ was heard in Bank and denied, and a petition for a rehearing was also denied. (83 Cal. 491.) While such decision may not, technically speaking, be the law of the case, yet it is *res adjudicata* as to that subject, and notwithstanding the industry and learning disclosed in the present discussion of the question by appellant's counsel, we shall treat the matter as settled and foreclosed by the former decision.

Appellant's affirmative defense is based upon the failure of the contractor to complete the building within the time agreed upon, and in this respect the court found that such failure was not due to any fault or neglect of the contractor, but was attributable entirely to the negligence of the defendant. The contractor's evidence supports this finding, and we cannot disturb it. The mere fact that the brick and iron work was finished in December, and the contractor did not complete the building until some four months after that time, is not of itself sufficient to overthrow the finding of the court that the delay was not occasioned by his fault or neglect. There was also

some evidence tending to show that the contract was filed in the recorder's office prior to the commencement of the work, and no evidence to the contrary.

It is insisted that the contract set out in the complaint and introduced in evidence is incomplete in this, that the plans and specifications therein referred to are not attached and made a part thereof, and consequently the contract in its entirety was not filed for record as required by the statute. No demurrer was offered to the complaint upon this ground; the answer admitted the contract as set out in the complaint, and the contract itself was introduced in evidence without objection. It is too late to raise the question for the first time in this court. The authorities cited do not support appellant's contention in this regard. In *Holland* v. *Wilson*, 76 Cal. 434, the question arose upon a special demurrer. In *Yancy* v. *Morton*, 94 Cal. 558, it came before the court upon an objection to the evidence. *Rebman* v. *San Gabriel Land & Water Co.*, 95 Cal. 394, does not appear to be in point. The errors of law are not well taken.

Let the judgment and order be affirmed.

HARRISON, J., PATERSON, J., McFARLAND, J., DE HAVEN, J., and BEATTY, C. J., concurred.

Rehearing denied.