KELLOGG v. MALONEY et al.

(Circuit Court of Appeals, Ninth Circuit. March 11, 1907.)

JUDGMENT—CONCLUSIVENESS—MOTION TO SET ASIDE SUMMONS.

Where, in a proceeding to foreclose a tax lien, defendant, having been served by publication, appeared specially to move to quash the summons because proper foundation for the issuance of a summons had not been laid and because the summons did not comply with the laws of the state, which motion, after being heard, was denied, and defendant given five days in which to plead, which he failed to do, whereupon judgment was entered against him by default, such judgment was conclusive against defendant, who could not thereafter litigate the validity of such service in another court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1251.]

In Error to the Circuit Court of the United States for the Western District of Washington.

The plaintiff in error was plaintiff in the court below in an action of ejectment; the complaint alleging, among other things, that on and prior to February 29, 1904, the plaintiff and his then wife, Mary Tennessee Kellogg, were the owners as community property, seised in fee and in possession, and entitled to the possession as community property, of the lots of land in controversy, to wit, lots numbered 15 and 16, in block numbered 35, of Railroad addition in Centralia, Lewis county, Wash.; that while the plaintiff and his then wife were such owners, and so seised and possessed and entitled to possession, of the lots, the defendants did on the day mentioned, without right or title, enter upon the property and eject the plaintiff and his then wife therefrom, and have ever since withheld the possession thereof from the plaintiff; that on the 21st day of October, 1904, the plaintiff's wife died, and that he has since acquired all of her interest in the lots. The defendants in error defended the action, claiming title to the property under and by virtue of a tax deed, which the court below held to be valid.

The facts of the case were agreed to by the respective parties, and are, in brief, as follows: From November 2, 1898, until the issuance to the county of Lewis, state of Washington, of the tax deed, the plaintiff was the owner in fee of the property. June 1, 1903, there were delinquent and unpaid state, county, school, and municipal taxes thereon, including interest, penalty, and costs for the year 1897, in the aggregate amount of $196.29. On that day the county treasurer of the county of Lewis issued to the county a general certificate of delinquency in book form against the real property within the county for general state, community, school, and municipal taxes then delinquent and unpaid thereon, which certificate included the property here in question, and gave as the owner thereof the United States Savings & Loan Company. The certificate of delinquency was, upon its issuance, filed in the office of the clerk of the superior court of Lewis county by the treasurer of the county, and thereupon the treasurer commenced suit for the foreclosure of the tax lien, and published the summons issued in the case in a newspaper of general circulation in the county, as required by law. Due proof of publication of the summons was made and filed in the cause, after which the present plaintiff, Kellogg, moved the court to quash the summons, appearing specially for that purpose, upon the ground that "proper foundation for the issuance of a summons has not been laid, and that said summons does not comply with the laws of the state of Washington in such cases made and provided." The motion, coming on to be heard, resulted in this order of the court: "It is hereby ordered that said motion is hereby overruled, and J. A. Kellogg given five days to further plead. To which action of the court overruling said motion and holding said service sufficient as to J. A. Kellogg, the said defendant, J. A. Kellogg, excepts, and his exception is hereby allowed." Thereafter the plaintiff in the foreclosure suit moved the court: "To enter the default of the owner of lots 15 and 16, block 35, Railroad addition to Centralia, Wash., by reason of the failure of said owner or his attorney to make answer to this action within the time prescribed by order of court and oral stipulation of counsel extending the time prescribed by order of court, and to enter judgment herein as prayed for in the application for judgment."

Notice that the foregoing motion for the entry of default would be called up on November 30, 1903, at 10 o'clock a. m., was served on Kellogg's attorney November 27, 1903, and resulted in the making and entry of this order by the court on November 30th: "Geo. E. Rhodes, the attorney for J. A. Kellogg, the owner of lots 15 and 16 in block 35, Railroad addition to Centralia, Wash., having heretofore made and filed his motion to quash the summons herein issued, which motion was duly overruled by order of this court made and entered, and the said attorney on behalf of his said client was given five days further time in which to plead in this action, which time was afterwards extended to November 20, 1903, by oral stipulation between the attorneys in this case, and the time within which the said Kellogg, the owner of said lots as aforesaid, had to answer in this action having expired, and no answer having been made herein, it is therefore ordered that the default of the said J. A. Kellogg be, and the same is hereby, entered and established of record." And, proceeds the agreed statement of facts: "No person having appeared in said action to defend the same as to either of the tracts of land

described in said summons on November 30, 1903, a further order of default was made and entered against all persons interested in said lands, judgment was entered in the ordinary form, foreclosing the general certificate of delinquency against all the lands described in said summons and against each of the tracts herein described for the amount set opposite the descriptions thereof in said summons, and the same was ordered by the court to be sold at public sale as provided by law in such case."

The property in controversy was duly offered for sale at public auction under the decree of the court and in pursuance of law, and, there being no bidders, was struck off to the county of Lewis. A tax deed therefor was issued by the treasurer of the county. The county afterwards sold the property to the defendants in consideration of $460, and executed to them a deed therefor. March 2, 1904, the defendants commenced suit in the superior court of Lewis county, Wash., against J. A. Kellogg and others to quiet their alleged title to the property, in which suit summons was duly and regularly published, and, the defendants to that action having failed to appear therein, their default was entered, and on May 8, 1904, a decree was entered therein for the plaintiffs (defendants here). During all of the time mentioned, and until her death, Kellogg and his wife resided in the state of Tennessee, and prior to the defendants' entry no person was in actual occupancy of the property. At the time of the commencement of the present action the plaintiff was, and still is, a citizen of Tennessee, and the defendants citizens of the state of Washington. From 1897 to 1898, inclusive, the property was assessed upon the assessment roll of Lewis county in the name of the "U. S. S. and L. Co."; from 1900 to 1901, inclusive, to "G. H. Ellsburg"; and from 1902 to 1903, inclusive, to the plaintiff, Kellogg. At all of the times mentioned there were, and now are, platted additions to the city of Centralia, Lewis county, Wash., of record in the office of the county auditor of the county, and entitled, respectively, "Second Railroad Addition to Centralia," and "Third Railroad Addition to Centralia." On or about February 26, 1904, the defendants herein, relying on the tax deed issued to them, took possession of the property, and have since expended in improvements thereon and in payment of taxes upon the property the aggregate amount of $2,000 or thereabouts. On or about January 1, 1905, the plaintiff, who had succeeded to all of his wife's interest in the property, tendered the defendant $700, being the amount of the taxes, penalties, interest, and costs paid by them at the tax sale, which tender they refused.

B. F. Heuston and T. W. Hammond, for plaintiff in error.
W. C. Sharpstein, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The point relied upon by the plaintiff in error as ground for a reversal of the judgment of the court below is that the proceedings under the statute of the state of Washington, culminating in the tax deed under which the defendants in error hold and claim, were all void. That, manifestly, depends upon a proper interpretation of the statutes of that state; and, inasmuch as the plaintiff in error appeared in the suit brought in the state court to enforce the alleged lien for taxes and moved that court to quash the summons issued therein, for the reason that the proper foundation for the issuance of summons had not been laid, and that the summons itself did not comply with the laws of the state of Washington in such cases made and provided, he thereby invoked the judgment of the state court in respect to whether the foundation of the suit, to wit, the issuance of the certificate of delinquency, was in conformity with the provisions of the state statute, and whether the

summons also conformed to its requirements. The state court held the affirmative of both propositions in denying the motion to quash, and, furthermore, granted the plaintiff in error time within which to further plead in that cause, which time he procured to be extended by stipulation entered into with the attorney for the plaintiff in the suit. The plaintiff in error, therefore, had his day in court, and full opportunity not only to test the validity of the tax proceeding in the trial court of the state whose statutes are involved, but also by appeal to the Supreme Court of the state in the event of his dissatisfaction with the decision of the trial court. That the plaintiff in error cannot again litigate the same question in another court is clear. See Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; Sharon v. Hill (C. C.) 26 Fed. 357, 722; White v. Fresno National Bank, 98 Cal. 166, 32 Pac. 979; Baisley v. Baisley, 21 S. W. 29, 113 Mo. 544, 35 Am. St. Rep. 726.

The judgment is affirmed.