[Civ. No. 7192.   Fourth Dist.   May 22, 1963.]

WILLIAM F. MESSNER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Wilson & Wilson for Petitioner.

Everett A. Corten, Edward A. Sarkisian, McCartney, Ryan & Dally, George R. Haswell, L. F. Haeberle III, Weingand, Tipton, Kendig & Stockwell and Douglas A. Campbell for Respondents.

GRIFFIN, P. J.—This is a second petition for review in this same case. This court's review of the first petition (*Messner* v. *Industrial Acc. Com.*, 4 Civil No. 7119, filed July 6, 1962) was concerned entirely with the issue of whether or not a noise-induced hearing loss was an ''occupational disease'' (Lab. Code, § 5412), or whether it was caused by a continuing trauma (Lab. Code, § 5411), and which statute of limitations applied.

Section 5412 of the Labor Code provides: ''The date of injury in cases of occupational diseases is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment.''

Labor Code, section 5411, provides: ''The date of injury, except in cases of occupational disease, is that date during the employment on which occurred the alleged incident or exposure, for the consequences of which compensation is claimed.''

The commission found and this court felt, under the facts stated, that the injury could well be an occupational disease and that the statute of limitations (Lab. Code, § 5412) had run, in part, and accordingly it denied the petition without written opinion. No petition for hearing in the Supreme Court followed. The commission found that the disability from exposure from 1949 to January 6, 1960, was barred by the statute of limitations, excepting 10 per cent of the total hearing loss occurring after that date, and made an award of compensation accordingly.

In connection with the present petition for review in the form of mandate, there are cases which indicate that under some circumstances even though a claimant suffers from occupational disease, the statute of limitations will not begin to run from the first day of the claimed injury. *Williams* v. *Industrial Acc. Com.*, 71 Cal.App.2d 136 [161 P.2d 979] (involving silicosis of the lungs), holds that to start the statute of limitations running in the case of an occupational disease, at least three conditions must concur: (1) the disease must have so far progressed as to disable the claimant from the performance of his duties to such an extent that he is entitled to compensation; (2) he must know or should, in the exercise of ordinary care, have discovered that he is suffering from such disease; and (3) he must know or should, in the exercise of such care, have discovered that he is suffering a compensable disability of which the disease is the cause. *Marsh* v. *Industrial Acc. Com.*, 217 Cal. 338 [18 P.2d 933, 86 A.L.R. 563] (involving pulmonary silicosis), is cited, in which it was held that an injury may arise out of and in the course of the employment when there is a causal connection between the employment and the injury; but for the purposes of compensation, the injury dates from the time when the disease culminated in an incapacity for work, and it is at that time that the employer's liability becomes fixed, for until then the workman has received no injury in the legal sense, although the seeds productive of the injury had lodged in his frame long before. It is argued that the claimant in the instant case finally became incapacitated, if at all, only a few days before his action was filed.

The argument by petitioner was that the hearing loss was the result of a continuing trauma, i.e., sound waves beating upon the eardrums, and the injury was not caused by "disease," and that the statute of limitations in Labor Code, section 5411, applied. The Industrial Accident Commission contended that it was an occupational disease and that the statute of limita-

tions, under section 5412 of the Labor Code, applied from the date upon which the employee suffered disability therefrom and knew his disability was caused by his present or prior employment. The evidence showed that petitioner's loss of hearing took place in varying, although progressively worse, degrees, from 1949 to 1960, but this fact was known to petitioner from January 27, 1959, when he consulted a physician and was told of his disability, and that at that time his wife and family noticed his condition and told him about it. This appears to be a factual question for the commission to decide.

Following the reasoning of the decided cases, the commission might have found, from the facts, that in the case at bar the statute of limitations had not run, but it did not do so. Apparently, this was the view adopted by the commission in a hearing-loss case decided by it 10 days after the first petition for review was filed in this court. (See *Janke* v. *Fruehauf Trailer Co.*, 62 L.A. 234.) In that case, upon the facts there presented, the commission reversed its holding in the instant case and followed the *Marsh* and *Williams* cases. The decision in the *Janke* case was mentioned in a letter sent to this court by the attorney for the commission prior to this court's decision on the first petition, indicating that the commission had changed its position in respect to its ruling in the instant case and that it no longer held this view. In the same letter, the attorney for the commission expressed the belief that subsequent proceedings would be instituted before the commission in the instant case, apparently to bring the commission's holding herein in line with its decision in the *Janke* case. It was represented in this letter by counsel for the Industrial Accident Commission that he would undertake to obtain a stipulation of all parties in the case to remand it without further proceedings, for further examination by the commission. It sought further time to answer. Copies of this letter were sent to respective counsel. Time was given to August 27 to file an answer in accordance with the request and no stipulation in reference to resubmission was filed. On July 26, the commission filed its answer upholding its former decision and alleging that good cause to reopen the case was not shown and that the commission did not abuse its discretion in denying the request to reopen and no further mention was made of the proposed stipulation. After this court considered the question on its merits, it denied the petition for review, without written opinion.

There was a petition for reconsideration presented to the commission, but the commission took the position that no reconsideration was necessary and that the matter had been once decided by it, and that this court's denial of the petition for review became the law of the case and the commission's hands were tied. The commission therefore refused to reconsider its decision. This petition for review in the form of mandate involves the order refusing to reconsider.

Two leading cases discuss the application of the rule of the law of the case to Industrial Accident Commission proceedings. The first is that of *United Dredging Co.* v. *Industrial Acc. Com.*, 208 Cal. 705 [284 P. 922]. That case held that after a decision of the commission had been affirmed by the District Court of Appeal in a written opinion, the commission did not have the power to reopen the case. The court recognized that the commission has the power to reverse its own previous decisions where it feels that they were erroneous. However, the court felt that where the decision of the commission has been affirmed by the District Court of Appeal by written opinion, this affirmance becomes the law of the case and the commission loses its power to reopen its prior decision. The court, however, enunciated the following *caveat,* at pages 712, 713 and 714.

''We are of the view that such a power [to reopen], if it exists at all, should be limited to those very exceptional cases in which deception or a want of human foresight has deprived a party of a right given by the act. . . . To permit the Industrial Accident Commission to exercise a general power to reopen a case after the award has been sustained by the District Court of Appeal and thereafter to reach a conclusion at variance with its original view and the law as stated by the District Court of Appeal, would abrogate the doctrine of the law of the case in so far as the Industrial Accident Commission is concerned . . . there may arise exceptional cases of manifest and far-reaching error where, to prevent injustice and oppression, this court would sustain the action of the Commission in reopening a case for further consideration after decision by an appellate court, but this question we need not finally decide here, for such cases will arise infrequently, and the instant case is not one.''

Subsequently, in another case, the Supreme Court reversed the rule of law upon which the District Court of Appeal had relied in affirming the commission's decision. The commission then reopened the first decision for reconsideration in the

light of the rule enunciated by the Supreme Court and an appeal was taken on the grounds that the commission's action violated the rule of the law of the case. The Supreme Court held that the law of the case doctrine did not compel annulment of the second award. The court said that there is a recognized exception to the doctrine of the law of the case where, as here, there has been an intervening change or clarification in the law by the higher courts. The court said that where the controlling rules of law have been altered or clarified in the interval between the first and second appeals, and adherence to the previous decision would result in defeating a just cause, a court will not hesitate to reconsider its prior determination. Citing *England* v. *Hospital of the Good Samaritan*, 14 Cal.2d 791, 795 [97 P.2d 813], where it is held:

"The doctrine of the law of the case is recognized as a harsh one (2 Cal.Jur. 947) and the modern view is that it should not be adhered to when the application of it results in a manifestly unjust decision. . . . Where there are exceptional circumstances, a court which is looking to a just determination of the rights of the parties to the litigation and not merely to rules of practice, may and should decide the case without regard to what has gone before.''

To the same effect is *Standard Oil Co.* v. *Johnson*, 56 Cal. App.2d 411, 416 [132 P.2d 910], which held that in consolidated actions to recover retail sales taxes paid under protest, a decision on former appeal that the sales and deliveries in question were interstate transactions and exempt from taxation does not preclude the appellate court from again considering whether the sales were subject to the tax, where controlling authorities have determined the legal issues adversely to the ruling on the original appeal and where an adherence to the original decision would work manifest injustice.

The only question here presented is whether the facts bring the petitioner within the exceptions noted, justifying a mandate to the commission to review the award.

The question arises as to whether a denial of the former writ of review, without opinion, operated as res judicata to a subsequent writ. The general rule is stated in *Confidential, Inc.* v. *Superior Court*, 157 Cal.App.2d 75 [320 P.2d 546], where it was held that denial without opinion of an application for a prerogative writ (except habeas corpus) is not res judicata of the legal issues presented by the application unless the sole possible ground of denial was that the court acted on the merits, or unless it affirmatively appears that such

denial was intended to be on the merits. See also *State Board of Equalization* v. *Superior Court,* 20 Cal.2d 467 [127 P.2d 4]; *People* v. *Bergholm,* 181 Cal.App.2d 778 [5 Cal.Rptr. 608].

We are unable to conclude that the denial of the former writ was on any grounds other than on the merits of the decision rendered by the Industrial Accident Commission. Accordingly, it is conclusive. (Code Civ. Proc., § 1908; 29 Cal.Jur.2d § 225, p. 179; *White* v. *Fresno Nat. Bank,* 98 Cal. 166 [32 P. 979]; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502 [258 P. 378]; *Reilly* v. *Police Court,* 194 Cal. 375 [228 P. 860].)

Furthermore, we are convinced that petitioner has not brought himself within any exception which would compel this court to order the relief sought after denial by the commission.

Writ discharged.

Coughlin, J., and Brown (G.), J., concurred.