[Civ. No. 39759. First Dist., Div. Three. May 26, 1977.]

LEONARD NOLAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
LIBERTY MUTUAL INSURANCE COMPANY, Respondents.

COUNSEL

John F. Dethlefsen for Petitioner.

Goshkin, Pollatsek, Meredith & Lee, Frank M. Brass and Thomas J. Mc Birnie for Respondents.

OPINION

SCOTT, J.—The Workers' Compensation Appeals Board adopted a workers' compensation judge's order dismissing Leonard Nolan's petition to reopen his petition for compensation, finding that the claim was barred by the five-year statute of limitations (Lab. Code, § 5410), and further finding that "there was no good cause shown to estop, toll or suspend the operation of the statute of limitations."

Nolan was injured on March 24, 1970, and received voluntary compensation benefits from his employer, Fraser & Johnston Company, insured by Liberty Mutual Insurance Company. Having been sent to prison on March 18, 1971, Nolan contacted Liberty Mutual on June 28, 1971, inquiring as to the status of his claim. Liberty Mutual advised Nolan that a medical examination and claim processing would be arranged on his release from prison. This arrangement was confirmed with Nolan's attorney after a claim for permanent disability was filed on March 2, 1972. It was anticipated that Nolan would be released from

prison in July of 1972. He was not released, however, until April 1975. On May 28, 1974, Liberty Mutual noticed a motion to dismiss the claim without prejudice for lack of prosecution. No response was made by Nolan and on July 29, 1974, the appeals board dismissed the claim without prejudice. The record reveals that Nolan's attorney received service by mail of Liberty Mutual's motion to dismiss. The notice sent to Nolan was returned with a notation that the prison camp was closed and the letter could not be forwarded. No further attempt was made to notify Nolan. Nolan denied receiving actual notice of the dismissal. He asserted that his attorney did not oppose the motion nor attempt to set aside the dismissal because it was without prejudice, which he considered would allow Nolan to request an adjudication of his claim upon his release from prison when he would be available for medical examination as required by Liberty Mutual.

Upon Nolan's release from prison in April of 1975, his attorney so advised Liberty Mutual and requested activation of the claim. Liberty Mutual advised Nolan that its file was closed. On February 20, 1976, some ten months after being released from prison, Nolan filed his petition to reopen on the ground of his unavailability for approximately five years and eleven months after the date of his injury and almost four years after filing his claim. This petition was denied, and denial was sustained by the appeals board.

The limitations governing workers' compensation claims are set forth in Labor Code sections 5400-5412.[1] The provisions of section 5410, applied by respondents, grant continuing jurisdiction to the appeals board on all claims filed within five years from the date of the injury upon the ground that the original injury has caused new and further disability. The provisions of section 5405 set forth the basic statute of limitations and require the application for benefits to be filed within one year from the date of the injury, or within one year from the last date benefits were voluntarily furnished by the employer. We initially consider which of the statute of limitations provisions is applicable to this case.

In applying the five-year limitation contained in section 5410 to petitioner's petition to reopen, the appeals board treated the proceeding as an initial claim for new and further disability, the original application for adjudication of claim having been dismissed without prejudice for

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

lack of prosecution. It is apparently the appeals board's reasoning that the right to present the second claim was governed by the rules on continuing jurisdiction of the board to amend, rescind or alter its earlier order, "good cause" appearing therefor. (See, e.g., §§ 5803, 5804; 55 Cal.Jur.2d, Workmen's Compensation, §§ 265, 325, 328, pp. 301, 362, 367.) To satisfy the requirement of section 5410, Nolan would have to have made application for compensation by March 24, 1975, that is, within five years of the date of his injury. His application was not filed until February of 1976, however, and respondent board, finding no cause to estop the assertion of the statute of limitations, denied Nolan's petition to reopen.

To petition for new and further disability under section 5410, an employee must have received benefits under the compensation laws, either voluntarily provided by the employer (or carrier) or in accordance with the terms of an award. (See *Westvaco etc. Corp.* v. *Ind. Acc. Com.* (1955) 136 Cal.App.2d 60, 64-68 [288 P.2d 300]; *Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd. (Whiddon)* (1966) 65 Cal.2d 287, 290 [54 Cal.Rptr. 100, 419 P.2d 164]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) pp. 129, 402 et seq.; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 9.03[3]; Herlick, Cal. Workmen's Compensation Law, § 14.4 et seq., p. 356 et seq.) Here, neither was there an original award of any kind to the applicant nor can the petition to reopen be construed as a request for an award for new and further disability. It was plainly a request to have adjudicated the original claim left pending by the dismissal without prejudice. Notwithstanding that the employer apparently furnished voluntary medical treatment, a fact which normally allows the applicant access to the provisions of section 5410 (Hanna, *supra*), the rationale of the rule is that the "new and further disability" to which the section refers is a disability *in addition* to that for which the employer previously provided benefits as required by the statute. (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd. (Whiddon) supra,* 65 Cal.2d 287, 290-291.) Plainly, no such disability has ever been claimed.

We conclude that the statute of limitations applicable to the instant case is Labor Code section 5405. No contention is made that Nolan's original application for benefits was not timely filed under this section. *State of California* v. *Ind. Acc. Com. (Busch)* (1962) 198 Cal.App.2d 818 [18 Cal.Rptr. 458] (disapproved on other grounds in *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd. (Talcott)* 2 Cal.3d 56, 67 [84 Cal.Rptr. 140, 465 P.2d 28]), is cited in support of Nolan's contention

that the appeals board retains original jurisdiction to adjudicate his claim. The court in *Busch* stated (at p. 827): "The power of original decision invested in the [Workers' Compensation Appeals Board] is unrestricted by any limitations of time other than that set forth by sections 5400-5412 of the Labor Code. The [board] therefore can make a valid decision on an original claim any number of years after the injury if the original proceedings are commenced within the time prescribed by section 5405 . . . . A claim filed after five years from the date of injury in a previously unadjudicated case, is not subject to the [board's] *continuing* jurisdiction. It is subject to the [board's] *original* jurisdiction." Under the rationale of *Busch,* the original application having been filed within the time provisions of the basic statute of limitations (§ 5405) and no adjudication having been made, the board can make a decision on the original claim any number of years after the injury.

In *Busch,* however, the application for compensation, though filed more than five years from the date of injury, was within one year from the date of the last compensation payment. Consequently, section 5405 applied, not section 5410. There had been no dismissal of Busch's application. ■ *Busch,* therefore, is distinguishable from the instant case and the language above quoted cannot be construed as vesting the appeals board with original jurisdiction indefinitely where there has been a timely application, if there has been an intervening dismissal of the application.

This case turns on the effect of the dismissal without prejudice of Nolan's application. Title 8 of the California Administrative Code sets forth rules of practice and procedure for the Workers' Compensation Appeals Board. Section 10582 provides that an application, when filed without an accompanying declaration of readiness, will be placed in inactive status, and unless activated within six months the case may be dismissed after notice and an opportunity to be heard. This is the applicable provision establishing the procedure for the dismissal of Nolan's application.

■ A dismissal without prejudice has the effect of a final judgment in favor of the defendant insofar as it terminates the proceeding and concludes the right of the parties in the particular action. (*Gagnon Co., Inc.* v. *Nevada Desert Inn* (1955) 45 Cal.2d 448, 455 [289 P.2d 466].) Such a dismissal filed within the time of the applicable statute of limitations does not bar a subsequent action on the same cause filed within the applicable statutory period. (*Kinley* v. *Alexander* (1955) 137 Cal.App.2d 382, 387 [290 P.2d 287].) The dismissal without prejudice left petitioner

without any decision upon the issue of permanent disability presented by his petition filed within the statutory period. Consequently, it remained open and undetermined. (Cf. *Douglas Aircraft Co. v. Ind. Acc. Com.* (1948) 31 Cal.2d 853, 855 [193 P.2d 468].)

Campbell on Workmen's Compensation (vol. 1, § 1155, p. 992) states in relevant part: "The dismissal of a cause for want of prosecution is not an adjudication upon its merits and does not bar a subsequent suit on the same cause. There must be at least one adjudication on a right between the parties before a judgment can bar a subsequent action. Such a dismissal leaves the matter as if no application had been filed. *Further delay in refiling may mean, however, that the remedy has been lost by the bar of limitations, due to lapse of time.*" (Italics added.) Had the dismissal been with prejudice, it would have immediately precluded a further claim by Nolan because such an order would be effective as a retraxit. (*Gagnon Co., Inc. v. Nevada Desert Inn, supra,* at p. 455.) The dismissal here, however, was without prejudice, which has the effect of holding open Nolan's right to refile his application so long as it is not barred by the statute of limitations. Dismissing applications *without* prejudice for lack of prosecution is the typical manner of removing such cases from the active files. (See Hanna, *supra,* § 9.04[4][e].) ■ Here, the dismissal was on July 29, 1974, over one year from the accrual of Nolan's claim; hence, he was then precluded from filing another claim even though the dismissal was without prejudice.

■ Nolan urges that Liberty Mutual should be estopped from asserting the statute of limitations because of Nolan's reliance on Liberty Mutual's representations regarding the processing of the claim after he was released from prison. The employer and its insurance carrier are estopped to plead the statute of limitations when the conduct or representations of either of them induce the employee to refrain from filing his claim until after the statute of limitations has run. (*Benner v. Industrial Acc. Com.* (1945) 26 Cal.2d 346 [159 P.2d 24]; *Industrial Indem. Co. v. Ind. Acc. Com. (Varela)* (1953) 115 Cal.App.2d 684 [252 P.2d 649]; *Lockheed Aircraft Corp. v. Ind. Acc. Com. (Tryon)* (1948) 13 Cal.Comp. Cases 236.) Likewise, an employee will not be barred from reopening his claim for benefits after a dismissal thereof when the conduct or representations of the employer's workers' compensation insurance carrier induce the employee not to contest the dismissal of his claim and the result of such dismissal has the effect of barring the refiling of the claim because of the running of the statute of limitations. Respondents

contend that the record before the workers' compensation judge supports his determination that "there was no good cause to estop . . . the operation of the statute of limitations." At this point, we note that had the judge invoked section 5405 rather than section 5410, it could be assumed that he would have reached the same conclusion.

The early communications to Nolan and his attorney could only lead them to reasonably believe that Nolan's release from prison was necessary before further claim processing could occur. Liberty Mutual made no suggestion that a medical examination of Nolan in prison would be appropriate. Liberty Mutual waited for two years after the anticipated release date before petitioning for dismissal of the claim. Had the July 1972 release date been of significance, a much earlier dismissal would have been requested. In fact, usually the reason for a requested dismissal is merely to relieve the insurance carrier from the necessity of carrying reserves to satisfy the claim. (Hanna, *supra,* § 9.04[4][e].)

When Liberty Mutual petitioned for dismissal in 1974, it was for a dismissal without prejudice. As we have previously noted, any dismissal at that time would in fact have terminated Nolan's claim. So, in reality the dismissal was with prejudice. Had the notice asked for a dismissal with prejudice, Nolan's attorney would have appeared and contested the dismissal. Immediately upon his release from prison, Nolan attempted to activate his claim. Although the actual petition to reopen was not filed until some 10 months later, we do not consider this to be undue delay, particularly since no prejudice to Liberty Mutual is shown to have resulted from the delay.

We conclude that under the facts of the instant case, the evidence can only support a finding that Liberty Mutual is estopped to assert the statute of limitations. (See *Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd. (Cairo)* (1973) 9 Cal.3d 848, 852 [109 Cal.Rptr. 211, 512 P.2d 843]; *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399].)

Order denying petition to reopen petitioner's application for permanent disability benefits is annulled.

Draper, P. J., and Good, J.,* concurred.

On June 24, 1977, the opinion was modified to read as printed above.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.