[Civ. No. 56194. Second Dist., Div. One. May 21, 1980.]

JOSEPH MESSINA et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
COUNTY OF LOS ANGELES, Respondents.

**COUNSEL**

Geffner & Satzman and Robert Goldstein for Petitioners.

John H. Larson, County Counsel, Milton J. Litvin and Patrick A. Wu, Deputy County Counsel, for Respondents.

OPINION

LILLIE, J.—

I

Graciela Messina (decedent) while employed as a medical secretary by the County of Los Angeles (County) from July 1, 1969, to and including September 3, 1976, sustained an injury arising out of and occurring in the course of her employment to her internal organs, in the form of hepatitis, which injury resulted in her death on March 26, 1977. At the time of said injury, decedent's husband, petitioner Joseph Messina (husband) was partially dependent upon her for support and her children, petitioners Joseph Messina, Jr. (a minor at the time of injury) and Alfonso Messina, were totally dependent upon her.

The only issue herein is the amount of the workers' compensation death benefit to be awarded.

As applies herein, Labor Code section 4702 specifies: "the death benefit in cases of total dependency...shall be the sum of forty thousand dollars ($40,000) *except in the case of a surviving widow and one or more dependent minor children, in which case the death benefit shall be forty-five thousand dollars ($45,000)....*"[1] (Italics added.)

Since petitioners Joseph Messina, Jr., and Alfonso Messina were totally dependent upon decedent at the time of injury any death benefit is divided between them and decedent's husband, as only a partial dependent, receives no part thereof. (Lab. Code, § 4703.[2])

---

[1]By Statutes 1976, chapter 1017, section 6, page 4595, the death benefit was increased to $50,000 with $55,000 for a "surviving widow and one or more dependent minor children." The parties agree that this increased death benefit does not apply here and that the amount of death benefit is set at the time of injury not the time of death.

[2]Labor Code section 4703 provides: "Subject to the provisions of section 4704, this section shall determine the right to a death benefit.

Respondent Workers' Compensation Appeals Board, in a closely divided en banc opinion (*Messina v. County of Los Angeles* (1979) 44 Cal.Comp.Cases 10), has awarded the children a death benefit of $40,000. The children claim entitlement to the augmented death benefit of $45,000, which is awarded to "a surviving widow and one or more dependent minor children."

## II

The claim to the augmented death benefit of $45,000 is grounded on the contentions such benefit (1) only requires one or more dependent minor children, and no surviving spouse is needed and (2) limitation of the augmented death benefit to where there is a widow and one or more dependent minor children is an unconstitutional denial of equal protection and the statute should be extended by judicial decision to encompass a "widower" and one or more dependent minor children.

## III

At the outset we reject the contention that the mere existence of "one or more dependent minor children" without a surviving spouse triggers entitlement to the augmented death benefits. In order to be entitled to the augmented death benefit there must be *both* "a surviving widow *and* one or more dependent minor children." That is, if there is no surviving widow, the dependent minor children are not entitled to the augmented death benefit under Labor Code section 4702 as applicable herein. (*Beauchamp v. Workmen's Comp. Appeals Bd.* (1969) 34 Cal. Comp.Cases 194.[3]) It is not necessary, however, that the surviving widow be even a partial dependent. (*State Comp. Ins. Fund v. Ind. Acc. Com. (Hudson)* (1950) 95 Cal.App.2d 671, 673-674 [213 P.2d 518].)

"If there is any person wholly dependent for support upon a deceased employee, such person shall receive the entire death benefit, and any person partially dependent shall receive no part thereof.

"If there is more than one person wholly dependent for support upon a deceased employee, the death benefit shall be divided equally among them.

"If there is more than one person partially dependent for support upon a deceased employee, and no person wholly dependent for support, the amount allowed as a death benefit shall be divided among the persons so partially dependent in proportion to the relative extent of their dependency."

[3]The decision of the board in *Beauchamp* is, of course, not binding upon this court even though we denied a writ of review thereof. (*Thrifty Drug Stores, Inc. v. Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 937, 941, fn. 3 [157 Cal.Rptr. 459]; *Kaiser*

## IV

It is urged the limitation of the augmented death benefits to surviving widows is unconstitutional as a denial of equal protection and the court should remedy this defect by extending the augmented death benefit to surviving *widowers* and one or more dependent minor children.

■ The limitation of augmented death benefits to widows is not only basically unfair under the facts and situation present in the instant case but is clearly unconstitutional under the equal protection clauses of both the United States and California Constitutions. (*Arp* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 395, 400-407 [138 Cal.Rptr. 293, 563 P.2d 849]; see also *Wengler* v. *Druggists Mutual Insurance Co.* (1980) 446 U.S. 142 [64 L.Ed.2d 107, 100 S.Ct. 1540].)

In *Arp* our Supreme Court declared unconstitutional the then in effect conclusive presumption of Labor Code section 3501, subdivision (a) that a wife was totally dependent upon her husband. The court invalidated this presumption of dependency and declined to extend the presumption of dependency to the husband upon a wife. The court thus left to widows and widowers alike to prove the extent of their dependency and be compensated in accordance with the facts and circumstances shown. (*Arp, supra,* 19 Cal.3d at pp. 409-410.) The Legislature has by Statutes 1979, chapter 749, page 2599 deleted this offending provision. Also by Statutes 1979, chapter 749, page 2599 the Legislature has remedied the problem with respect to Labor Code section 4702 by deleting

---

*Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Gregory)* (1978) 87 Cal.App. 3d. 336, 347 [151 Cal.Rptr. 368]; *Laucirica* v. *Workmen's Comp. Appeals Bd.* (1971) 17 Cal.App.3d 681, 684 [95 Cal.Rptr. 219]; *Messner* v. *Industrial Acc. Com.* (1963) 216 Cal.App.2d 536 [30 Cal.Rptr. 898].) However, while the ultimate interpretation of a statute is an exercise of the judicial power, the courts have accorded great respect to the board's statutory interpretations. (See *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr. 250, 586 P.2d 564]; *Harrison* v. *Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197 [118 Cal.Rptr. 508].) The courts have also frequently cited board opinions as authority. (See e.g., *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848]; *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 329, 335 [137 Cal.Rptr. 878, 562 P.2d 1037]; *City of Los Angeles* v. *Workers' Comp. Appeals Bd. (Calvert)* (1978) 88 Cal.App.3d 19 [151 Cal.Rptr. 679]; *Westside Produce Co.* v. *Workers' Comp. Appeals Bd.* (1978) 81 Cal.App.3d 546 [146 Cal.Rptr. 498]; *Nolan* v. *Workers' Comp. Appeals Bd.* (1977) 70 Cal.App.3d 122 [138 Cal.Rptr. 561].)

"widow" and in lieu thereof adding "spouse." Accordingly, for injuries on or after January 1, 1980, Labor Code section 4702 has been expressly clarified to comply with equal protection requirements.[4]

The issue here is then whether this court should judicially extend Labor Code section 4702 as in effect prior to January 1, 1980, to widows and widowers alike or merely, as the court did in *Arp*, entirely nullify the provision for an augmented death benefit.

In *Arp*, 19 Cal.3d 395, the court said at pages 407-408 that: "Although courts do not lack power to remedy a constitutional defect by literally rewriting statutory language, it is a comparatively drastic alternative, to be invoked sparingly, and only *when the result achieved by such a course is more consistent with legislative intent than the result that would attend outright invalidation.*" (Italics added.)

We conclude that, rather than outright invalidation, the statute should be extended to encompass a surviving widower and one or more dependent minor children as such action is more consistent with the legislative intent of the augmented death benefit and would avoid total elimination of the augmented death benefit. In support of this conclusion we regard the dissenting opinion of Commissioner Glow (in which Board Chairman Witt and Commissioner Gaines concurred) persuasive.

---

[4]Labor Code section 4702 as amended effective January 1, 1980, provides: "Except as provided in the next paragraph, the death benefit in cases of total dependency, when added to all accrued disability indemnity, shall be the sum of fifty thousand dollars ($50,000) except in the case of a surviving spouse and one or more dependent minor children or in the case of two or more surviving dependent minor children, in either of which cases, the death benefit shall be fifty-five thousand dollars ($55,000) and except as otherwise provided in Sections 4553 and 4554. In cases of partial dependency the death benefit shall be a sum equal to four times the amount annually devoted to the support of the dependents by the employee, not to exceed the sum of fifty thousand dollars ($50,000). The death benefit in all cases shall be paid in installments in the same manner and amounts as temporary disability indemnity, payments to be made at least twice each calendar month, unless the appeals board otherwise orders.

"Disability indemnity shall not be deducted from the death benefit and shall be paid in addition to the death benefit when the original injury resulting in death occurs after the effective date of the amendment to this section adopted at the 1949 Regular Session of the Legislature.

"Every computation made pursuant to this section shall be made only with reference to death resulting from an original injury sustained after this section as amended in 1979 during the 1979-80 Regular Session of the Legislature becomes effective; provided, however, that all rights presently existing under this section shall be continued in force."

Commissioner Glow's analysis pointed out: "The issue in this case is whether the dependent children are entitled to the augmented death benefit provided for in Labor Code Section 4702. This augmentation was provided in an amendment to that section [by Statutes 1947, chapter 1031, section 1, p. 2302.] An early indication of the statutory purpose was revealed in [*State Comp. Ins. Fund* v. *Ind. Acc. Com.* (*Hudson*), *supra*, 95 Cal.App.2d 671] where the court held that the surviving widow did not need to be a dependent widow.

"The argument was made in *Hudson* that 'surviving widow' as used in Section 4702 required a surviving *dependent* widow. In extending the coverage of Section 4702 to include this fact situation, the court stated: 'The liability which fell upon the surviving widow not only to support the two children but to devote to them the care of a mother and guardian not only reduces the ability of the "surviving widow" to support herself but accordingly reduces her ability to supplement the $6,000 [(the death benefit at that time, with $7,500 being the augmented benefit)] and thereby lengthens the readjustment period. Hence the commission deemed that a necessity had arisen to award the children not the mother, the additional amount that may be awarded under section 4702.' [(Italics by court.) (*Hudson, supra*, 95 Cal.App.2d at pp. 673-674.)]

"In this case, the burden for the care of the dependent children was previously on decedent and is now on the surviving widower. The court's reasoning in *Hudson, supra*, may be paraphrased to apply to the facts in this case. Here a liability fell upon the surviving widower not only to support two children [(one of whom was a minor at the time of injury)], but to devote to them the care of a father and guardian. This not only reduces the ability of the surviving widower to support himself, but accordingly reduces his ability to supplement the $40,000.00 and thereby lengthens the readjustment period. This is no less valid because we are talking about a surviving male (father) rather than a surviving woman (mother).

"·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"This situation is clearly distinguishable from that of *Arp* where it was unnecessary for the court to take any more affirmative action than declaring the statute unconstitutional. Here, the *only* way that the legislative intent of the statute can be given effect, consistent with the

requirements of equal protection under the law, is by [construing] the statute to include *widowers* as well as 'widows.'

"The Supreme Court of this state in dicta seemed to accept this in the *Arp* case when they stated [(19 Cal.3d at p. 410)]: 'Moreover, under section 3501, subdivision (b), a conclusive presumption of dependency in favor of minor children remains in effect. As a result, even if the surviving *spouse* is financially self-sufficient and unable to show actual dependency, the full death benefit will be available to any minor children left dependent upon the surviving parent. (§ 4702.) For example, a fully employed widow with a minor child, who would have received a $55,000 benefit by operation of the widow's conclusive presumption of total dependency, may under our decision receive nothing herself; but the full $55,000 death benefit which formerly would have been exhausted by the widow, will be awarded to the children. [Citations.]' (Emphasis added.)"

## V

Accordingly, we hold Labor Code section 4702 must be read to also provide the augmented death benefit to a surviving widower and one or more dependent minor children.

Finally, we must consider the extent to which our opinion shall have retroactive application. (*Arp, supra,* 19 Cal.3d at p. 411; *Reich, Adell, Crost & Perry* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 225, 237 [160 Cal.Rptr. 218].) Pursuant to Labor Code sections 5803 and 5804 "the Board has continuing jurisdiction to reopen a case for 'good cause' upon a petition filed within five years of the date of injury and that 'a subsequent judicial interpretation of the compensation statutes contrary to a prior administrative interpretation is "good cause" to reopen. . . .'" (*General Insurance Co. of America* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 278, 285-286 [163 Cal.Rptr. 537].) Thus, unless limited in retroactive effect, our opinion herein can conceivably result in a flood of reopening of previously adjudicated cases. Many employers and carriers may have entered into stipulations or foregone litigation over other issues in order to avoid a constitutional challenge to Labor Code section 4702. Further, employers and carriers have calculated their liability on presumed final awards previously issued by the board. To allow the board to now reopen cases under Labor Code sections 5803 and 5804 would thus create unfairness and undue

litigation. Accordingly, we limit our decision so as to preclude a reopening under Labor Code sections 5803 and 5804. Dependents with previously adjudicated awards cannot claim any unfairness for they too could have sought appellate review on the constitutionality of Labor Code section 4702; allowing previously adjudicated cases to be reopened under Labor Code sections 5803 and 5804 merely provides dependents with funds to which they had no expectancy. It is appropriate, however, to apply our decision as of the date it becomes final, to cases still pending before the board where the amount of the death benefit has yet to be decided and to cases where the constitutionality of Labor Code section 4702 is pending on reconsideration before the board or pending upon a petition for writ of review before the appellate courts. Employers and carriers cannot claim to have been caught unaware of the possibility of the result reached herein in light of the prior litigation before the board and the appellate courts in *Arp*, which dates back to 1975, and the matter herein.

The decision of the board is annulled and the matter remanded to the board for such further proceedings as are consistent with our opinion herein.

Jefferson (Bernard), P. J., and Hanson (Thaxton), J., concurred.